PETER KELLY, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF ILLINOIS, on complaint of Ann M. Pride, Defendants in Error.

### ERROR TO PEORIA.

It is for the court to decide upon the competency of a witness, and for the jury to determine what credibility shall be given to his testimony.

The law of 1861, which repealed the penalty for bastardy, provided by the Revised Statutes of 1845, did not apply to cases where the issue had been made up under the latter statute ; and the law of 1859 was designed to save the penalty in such cases.

The annuity allowed for the support of the bastard may commence from its birth.

A case of bastardy may properly be tried at a criminal term.

On the 3rd day of August, A. D. 1860, Ann M. Pride complained of Peter Kelly, before a justice of the peace, for being the father of a child of which she was delivered about the 26th of May, 1860.

Kelly was arrested, and gave bonds to appear at the Circuit Court for trial.

At the June term, 1861, being a criminal term of said court, Kelly appeared, and his counsel then and there objected to the court taking cognizance of, or of proceeding to try said cause, at said term, for want of jurisdiction. The court overruled the objection, and ordered the trial to proceed, and the defendant excepted, etc.

An issue was formed and a trial had before a jury, as to whether the defendant was the father of the child; the jury found against the defendant.

A motion was made by defendant for a new trial, and in arrest of judgment, for the following reasons:

Because the complaint is insufficient.

Because the verdict is against law and evidence, and the instructions of the court.

Because the court had not authority to try the cause at a criminal term.

Because the court misdirected the jury in matters of law, at the request of the people.

Because there is no existing law under which the defendant can have judgment passed upon him on this verdict.

The court overruled the motions, and ordered the defendant to pay for the support of the child until it should arrive at the age of seven years, fifty dollars per year, commencing on the 26th of May, 1860, and that he should give bond to pay the same quarter-yearly to the judge of the court of probate of Peoria county, or his successor, etc., as provided by the act of March 3, 1845.

The defendant prayed an appeal to the Supreme Court, which was allowed.

The following errors were assigned:

Trying the cause at a criminal term.

Instructing the jury as requested by the prosecution.

Overruling defendant's motion for a new trial.

Entering judgment on the verdict as rendered by the court.

Entering judgment on the verdict after the repeal of the law punishing the offense.

Overruling the demurrer to the complaint.

N. H. PURPLE, for Plaintiff in Error.

MANNING & McCULLOCH, for Defendants in Error.

CATON, C. J. This was a prosecution for bastardy under our statute. It is first insisted that the evidence did not warrant the conviction, for the reason, that the prosecutrix was not a competent witness by reason of mental imbecility, and that she could not comprehend or duly appreciate the obligations of an oath. This was a question of law for the court to decide, and we think it was correctly determined. That the witness was of weak intellect, and very ignorant, is undoubtedly true, and she was very easily confused so that she could not readily tell what she did know. But after she became more composed, and upon the examination by the court, it became very clear, that she possessed sufficient mind and a sufficient knowledge of the obligations of an oath, and the legal and moral consequences resulting from its violation, to render her a competent witness. When admitted as competent, it was for the jury to determine to what credibility she was entitled. They believed her statements, and in this we do not disagree with them. The verdict, we think, was right.

Several questions of law are presented, which will be considered in their order. Was the law in force at the time the offense was committed, the issues formed and the first trial had, so far as this case is concerned, repealed by the passage of the law of 1861, which was passed previous to the second trial? We think not. By the terms of the first section of the law of 1861, it is only made applicable to cases where the issue is thereafter required to be made up and tried. Here the issue had been made up long before, so that this statute, by its terms, is not made to apply to this case. But if we were authorized to conclude that this expression by which

this case is excluded from the statute, were rather accidental than designed, we are clearly of opinion that the provisions of the law of 1859, were designed to save just such cases as this, from the operation of such a statute. It was designed to operate as a saving clause to all future statutes of the kind, to prevent a repeal by implication of penalties previously incurred, unless express words are inserted, showing an intent to wipe out such penalties. The words of that statute are these: "That hereafter the repeal of any penal statute or law for the punishment of any crime or misdemeanor, shall not be construed as operating upon or affecting any case arising before the passage of such repealing statute, and the prior statute shall continue in force as to all cases arising before its repeal, unless otherwise provided in the repealing act." Indeed, the language of this statute is so strong that if the law of 1861 repealed, in express terms, the former law, penalties previously incurred would be saved by it, unless it contained express words, saying they should be repealed.

The next question is, did the court err in making the annuity commence from the birth of the child? The fifth section of the act declares that the defendant "shall be condemned by the judgment of the said court to pay such sum of money not exceeding fifty dollars yearly, for seven years, as in the discretion of the said court may seem just and necessary, for the support, maintenance and education of such child." The statute does not specify when the period shall commence. It merely limits the time to seven years, and specifies the purposes to which the penalty shall be applied. When these purposes are considered, we think a fair and reasonable construction of the statute authorized the court to provide, in its judgment, that the annuity should commence from the birth of the child. By doing this, the purposes of the statute are better subserved than by requiring that the period should commence at the time of the trial, especially when we consider that this annuity must stop upon the death of the child.

The last question is, had the court jurisdiction to try this cause at a criminal term? Of this we have no doubt. It has always been classed among criminal cases, and is required

to be placed upon the criminal docket. It is prosecuted by and in the name of the people, and is to protect the public from a liability to support the child.

The judgment must be affirmed.        *Judgment affirmed.*