AUGUST WESTPHAL et al., Appellants, *v.* THE CITY OF NEW YORK, Respondent.

SUBTERRANEAN WATERS — REMOVAL OF THE WATER BY DRIVEN WELLS AND PUMPING STATIONS OPERATED BY MUNICIPAL CORPORATION — JUDGMENT IN ACTION FOR DAMAGES AND INJUNCTION AGAINST USE OF WELLS. Where a municipal corporation has, by the establishment of driven wells and pumping stations, caused the diminution of the natural underground waters pertaining to certain farm lands, and the owners thereof bring an action for the damages suffered in the past and for a permanent injunction against the operation of the wells — a judgment, that the municipality pay to the landowners a certain sum for their damages up to the time of trial and a certain other sum for the permanent damage to

their lands, upon the payment or tender of which the landowners should execute a release to the municipality of the right to maintain its pumping stations, and refused an injunction, except in the event of the failure of the municipality to make such payment, should be affirmed.

*Westphal* v. *City of New York,* 75 App. Div. 252, affirmed.

(Argued December 18, 1903; decided January 5, 1904.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered October 13, 1902, affirming a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles Coleman Miller* for appellants. The award of a sum, on payment or tender of which the defendant may continue the operation of its Spring Creek pumping station as against the plaintiffs, is a judgment authorizing the taking of private property without due process of law and by a procedure violative of the Constitution of the United States and of this state. (*People ex rel.* v. *Suprs.,* 70 N. Y. 228 ; *People* v. *Kinskern,* 54 N. Y. 58 ; *Stuart* v. *Palmer,* 74 N. Y. 183 ; *People* v. *Haines,* 49 N. Y. 587 ; *Sperb* v. *M. E. R. Co.,* 137 N. Y. 155 ; *Romeyn* v. *Sickels,* 108 N. Y. 650 ; *Southwick* v. *F. Nat. Bank,* 61 How. Pr. 170 ; *Henderson* v. *N. Y. C. R. R. Co.,* 78 N. Y. 423 ; *Shepard* v. *M. Ry. Co.,* 131 N. Y. 215.) Plaintiffs' appeal to equity is not a waiver of their constitutional right to an appraisal of the permanent damage to their property by a jury or commissioners. (*Poyer* v. *N. Y. C. R. R. Co.,* 7 Abb. [N. C.] 371 ; *Decker* v. *Sexton,* 19 Misc. Rep. 59 ; *Woodcock* v. *Bennett,* 1 Cow. 711 ; *Forsyth* v. *Clark,* 3 Wend. 637 ; *Thomas* v. *Austen,* 4 Barb. 265 ; *Kelsey* v. *Western,* 2 N. Y. 500 ; *C. C. Bank* v. *White,* 6 N. Y. 236 ; *Bailey* v. *Ryder,* 10 N. Y. 363.)

*George L. Rives, Corporation Counsel* (*James McKeen* of counsel), for respondent. The conditional part of the judgment is proper. (*Roberts* v. *N. Y. E. R. R. Co.,* 128 N. Y. 455 ; *Galway* v. *M. E. R. R. Co.,* 128 N. Y. 49 ; *Hender-*

*son* v. *N. Y. C. R. R. Co.* 78 N. Y. 430 ; *A. B. N. Co.* v.
*N. Y. E. R. R. Co.*, 129 N. Y. 252.)

GRAY, J.    These plaintiffs, as owners of farm lands, now
within the city limits of the defendant, upon allegations to
the effect that, by the establishment of driven wells and of
pumping stations, the latter was liable for having caused, and
for continuously causing, injuries of an irreparable nature to
them, through the drying up of a watercourse and the
absorbing of the natural underground waters, demanded a
judgment for damages suffered in the past; for a permanent
injunction against the operation of the wells and such other
relief as to the court might seem just.    The trial court, con-
cisely stating its decision, found that the operation of the
defendant's water works lowered the water level under the
plaintiffs' lands to a certain depth, to their damage up to
the time of trial, in the sum of $350, and to the permanent
damage of their land, in the sum of $300, and directed judg-
ment to be entered in their favor; which, as entered,
adjudged the payment of the past damages and that the
defendant should be enjoined, unless it paid the amount of
the permanent damage.    It contained the further provision
that, upon payment, or tender, of the latter amount, the plain-
tiffs should execute a release to the defendant of the right to
maintain its pumping stations, etc.    An injunction was
refused, except in the event of the defendant's failure to
make such payment.    The judgment has been affirmed by an
unanimous determination of the Appellate Division.    The
plaintiffs had appealed to that court and they have appealed
here, manifestly, because of their dissatisfaction with the
amount of the recovery; but no questions have survived the
unanimous affirmance below, except such as relate to the cor-
rectness of the conclusion upon the facts stated and to the relief
granted by the judgment as entered.    With respect to that, the
appellants complain that such a judgment was not demanded
and they insist that their constitutional rights have been vio-
lated, as its effect; because their property is taken from them

without due process of law. They argue that the defendant gave no notice of its intention to acquire their property, as it was bound to do in exercising the right of eminent domain, and that the right to an appraisal of their property by a jury, or by three commissioners, has been denied them. This argument seems to proceed upon considerable misapprehension of the jurisdiction of a court of equity and of the procedure of the trial court in administering equitable relief upon the facts.

The defendant, to supply a public need of its citizens, established the driven wells and pumping stations upon its own property ; but the effect of their operation has been to withdraw, or to abstract, waters from the surrounding lands, to the injury of the plaintiffs. This was a natural effect and, as a consequential injury, there has been an invasion of the plaintiffs' property rights, which constituted a technical trespass ; for the resultant damages of which a right of action accrued. The act, however, which affected the plaintiffs, was the use by defendant of its own property in a manner authorized by law, and, as there was no intentional appropriation of the plaintiffs' property rights, nor any actual entry upon their lands, it is rather absurd to object that the failure of the defendant to give notice of an intention to acquire the property of the former raises a bar against the right to acquire the easements appropriated, through the provisions of this judgment. But the judgment is not open to objection on the ground mentioned ; nor upon the other ground, that an appraisal of the value of the property taken, under constitutional methods of procedure, is denied. What the court adjudged to the plaintiffs was the recovery of a sum of money for the damages sustained up to the trial and, then, that they should recover a certain amount found to be the damage to the fee, and that an injunction would only be ordered in the event that the defendant failed to pay that amount. The court, upon what must be regarded by us as conclusive evidence, ascertained the value of the property rights appropriated and required the defendant to pay that value, in order

to obviate an injunction. In this feature, the judgment was not mandatory upon the plaintiffs. The equitable relief administered by the court was to compel the defendant to pay to the plaintiffs the value of what they had been deprived of by its acts and to award an injunction, only, if the defendant refused to comply. In effect, relief by way of injunction was denied to the plaintiffs, as prayed for; but was available to them, as a means of enforcing the defendant's compliance with what the court deemed an equitable solution of the controversy. The court was not bound to grant a permanent injunction, because the injury was likely to continue; when it could be seen that the controversy might be settled by compelling the defendant to pay for the right to continue its work and, thus, to fully compensate the plaintiffs for the injury to their property, as though the right had been acquired through condemnation proceedings formally conducted to that end. A court of equity is, only, bound to award that relief upon the facts, which they appear to warrant, when all the circumstances are taken into consideration. By coming in and submitting the matters in controversy between them and the defendant to a court of equity, the plaintiffs consented to the exercise of a jurisdiction, which is plenary and unfettered in administering that full relief, which will settle the controversy upon just principles. The plaintiffs renounced the right to pursue their remedy at law for the injuries suffered and brought the matter on the equity side of the court; whereby it gained jurisdiction, generally, to adjust the disputes of the parties finally. (*Lynch* v. *Metr. Elev. Ry. Co.*, 129 N. Y. 274, 280.) When the court determined that full relief was possible, without enjoining the continuance of the water works, by compelling the defendant to acquire the right to do so upon a basis of compensation furnished by the proofs, it acted quite within its equitable province. (*American Bank Note Co.* v. *N. Y. Elevated R. R. Co.*, 129 N. Y. 252, 270.) In the case cited, it was held that the injunction of a court of equity and its alternative damages are to be deemed a substitute for the ordinary proceedings for condemnation.

I consider that other questions, relating to the city's right, or authority, to resort to this means of procuring a water supply, require no discussion. It exists and is clearly recognized in those charter provisions, which authorize the acquisition of real estate for the satisfaction of municipal public needs and the payment of claims, or damages, resulting therefrom, or thereupon. (§§ 484, 485.)

The judgment should be affirmed, with costs.

PARKER, Ch. J., VANN, J. (and BARTLETT, MARTIN and WERNER, JJ., in result), concur; HAIGHT, J., absent.

Judgment affirmed.