THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

(County Court, Albany County, May, 1914.)

Constitutional law — Labor Law, art. II, § 8, providing that eight hours shall constitute a day of employment for certain pursuits — Penal Law, § 1275.

Section 8 of article II of the Labor Law, which provides that eight hours shall constitute a day of employment for all laborers or employees engaged in the kind of labor therein mentioned,

and subjects any person, etc., convicted of a violation thereof to a fine to be recovered by a civil action, is a valid exercise of legislative power.

The amendment to said section by chapter 466 of the Laws of 1913, in effect May 9, 1913, that "Any person who is employed as signalman, towerman, gateman, telegraph or telephone operator in a railroad signal tower or public railroad station to receive or transmit a telegraphic or telephonic message or train order for the movements of trains and who works eight hours or more in every twenty-four each and every day continuously, and all gatemen so employed must have at least two days of twenty-four hours each in every calendar month for rest with the regular compensation; subject to the foregoing provisions relating to extra service in cases of emergency," is valid.

A contention that said section as so amended is in contravention of sections 5 and 6 of article I of the State Constitution and of the Fourteenth Amendment to the Federal Constitution, in that it attempts to regulate interstate commerce in opposition to the exclusive power vested in Congress and attempts to regulate a detail of interstate commerce over which Congress, by the passage of the Hours of Labor Act of March 4, 1907, has assumed exclusive control, is untenable.

Said section 8 of the Labor Law, as amended, providing a remedy by civil action to recover a penalty, and section 1275 of the Penal Law, as amended, in effect April 22, 1913, making a violation of any of the provisions of said section 8 a misdemeanor, either or both of said remedies can be pursued.

APPEAL from a judgment of the Police Court of the city of Albany adjudging defendant guilty of a misdemeanor.

Visscher, Whalen & Austin, for appellant.

Harold D. Alexander, district attorney, for respondent.

ADDINGTON, J.   This is an appeal from a judgment of the Police Court of the city of Albany, rendered January 8, 1914, adjudging the defendant guilty of a misdemeanor, in that it violated certain provisions

of the Labor Law, which is declared a misdemeanor by section 1275 of the Penal Law.

The information alleges " That during all the times hereinafter mentioned the New York Central and Hudson River Railroad Company was and now is a domestic corporation; that throughout the calendar month of June, 1913, H. C. Middleton was employed at Albany, N. Y., by said company as a signalman in a railroad signal tower of said company in Albany, known as Tower A, and said company at the City of Albany, unlawfully caused him to so work thirty days in said month continuously eight hours each day, that said work was not a case of extraordinary emergency caused by accident, fire, flood or danger to life or property."

Section 8 of article 2 of the Labor Law provides: " That eight hours shall constitute a day of employment for all laborers or employees engaged in the kind of labor aforesaid." (Which included " telegraph or telephone levermen who manipulate interlocking machines in railroad yards, or on main tracks out on the lines, or train dispatchers in its service," etc.)

This section of the Labor Law was amended by chapter 466 of the Laws of 1913, which took effect May 9, 1913, and reads as follows: "Any person who is employed as signalman, towerman, gateman, telegraph or telephone operator in a railroad signal tower or public railroad station to receive or transmit a telegraphic or telephonic message or train order for the movements of trains and who works eight hours or more in every twenty-four each and every day continuously, and all gatemen so employed must have at least two days of twenty-four hours each in every calendar month for rest with the regular compensation; subject to the foregoing provisions relating to extra service in cases of emergency."

In this case the defendant was convicted of violating the provisions of section 8 of the Labor Law contained in the amendment to the same in 1913.

Section 8 further provides: ''Any person or persons, company or companies who shall violate any of the provisions of this section shall upon conviction be fined the sum of not less than one hundred dollars, and such fine shall be recovered in an action in the name of the state of New York,'' etc.

While previous to 1913, section 1275 of the Penal Law made the violation of certain provisions of the Labor Law a misdemeanor, it did not embrace article 2, section 8, of the Labor Law.

Section 1275 of the Penal Law was amended in 1913, such amendment taking effect April 22, 1913, by providing, among other things, that ''Any person who violates, or does not comply with any provisions of the Labor Law * * * is guilty of a misdemeanor.''

So that by this amendment the legislature declared the violation of any part of the Labor Law a misdemeanor, instead of certain parts thereof, as provided by said section previous to the amendment of 1913.

It also appears that said amendment to the Penal Law took effect April 22, 1913, whereas the amendment in question, to the Labor Law, did not take effect until May 9, 1913.

The defendant seeks a reversal of the judgment herein upon the grounds:

1. That the facts alleged and proved do not constitute a crime.

2. That the statute is in contravention of article 1 of sections 5 and 6 of the State Constitution, and of the 14th amendment to the Federal Constitution.

3. That the statute attempts to regulate interstate commerce in opposition to the exclusive power vested in congress.

4. That the statute attempts to regulate a detail of interstate commerce over which congress, by the passage of the Hours of Labor Act of March 4, 1907, has assumed exclusive control.

5. That the only remedy provided for a violation of the statute is by an action at law for the recovery of a penalty.

6. That section 1275 of the Penal Law does not declare to be a crime a violation of section 8 of the Labor Law, as amended by chapter 466, Laws of 1913, particularly the part thereof alleged to have been violated by the defendant.

7. That the Police Court is without jurisdiction.

I am firmly of the opinion that this statute comes within the police power of the state, and is constitutional.

Laws enacted for the comfort, safety and health of the people have been litigated for many years in the courts of all the states, and in the United States courts, and many of such laws have been held constitutional while others have been held unconstitutional, in some cases by the unanimous vote of the court, and in other cases the court has been evenly divided.

It is evident that the decisions of the courts are not harmonious on the very important subject of police power of the state and what acts of the legislature come within such power.

In writing the opinion of the Court of Appeals in the case of *People* v. *Ewer*, 141 N. Y. 129, Judge Gray says: " It is difficult, if not impossible, to define the police power of a state; or, under recent judicial decisions, to say where the constitutional boundaries limiting its exercise are to be fixed. It is a power essential to be conceded to the state, in the interest and for the welfare of its citizens. We may say of it that when its operation is in the direction of so regulating a use

of private property, or of so restraining personal action, as manifestly to secure, or tend to the comfort, prosperity or protection of the community, no constitutional guaranty is violated, and the legislative authority is not transcended.''

Again in writing the opinion of the court in *People ex rel. Nechamcus* v. *Warden, etc.*, 144 N. Y. 529, Judge Gray again says:   '' The natural right to life, liberty and the pursuit of happiness is not an absolute right. It must yield, whenever the concession is demanded by the welfare, health or prosperity of the state.   The individual must sacrifice his particular interest or desires, if the sacrifice is a necessary one, in order that organized society as a whole shall be benefited.   That is a fundamental condition of the state, and which, in the end, accomplishes by reaction a general good, from which the individual must also benefit.''

As time passes and conditions change in every pursuit in life, such conditions influence courts in holding as constitutional laws which theretofore on this subject would have been held unconstitutional.

In the tenement-house cigar case (*Matter of Application of Jacobs*, 98 N. Y. 98), which was held unconstitutional, Judge Earl, in writing the opinion of the court, almost thirty years ago, in speaking of this kind of legislation, said:   '' Such legislation may invade one class of rights to-day and another to-morrow, and if it can be sanctioned under the Constitution, while far removed in time we will not be far away in practical statesmanship from those ages when governmental prefects supervised the building of houses, the rearing of cattle, the sowing of seed and the reaping of grain, and governmental ordinances regulated the movements and labor of artisans, the rate of wages, the price of food, the diet and clothing of the people, and a large range of other affairs long since in all

civilized lands regarded as outside of governmental functions.   Such governmental interferences disturb the normal adjustments of the social fabric, and usually derange the delicate and complicated machinery of industry and cause a score of ills while attempting the removal of one.''

This language of Judge Earl reads almost like a prophesy, for today such legislation, in part at least, in civilized lands is not regarded as outside of governmental functions.   Much legislation of this character has been held constitutional, and while it has been held unconstitutional in some cases, a single change in the personnel of the court might change its judgment. For, in the case of *People* v. *Lochner,* 177 N. Y. 140, commonly known as the '' Bake Shop Case,'' the defendant was convicted in the County Court of the county of Oneida, in this state, of violating the statute which declared it to be a misdemeanor to employ a man in a bakery more than ten hours a day.   An appeal was taken by the defendant to the Appellate Division of the Supreme Court, and the judgment of the County Court was affirmed by a vote of three to two (73 App. Div. 120) ; an appeal was then taken to the Court of Appeals of this state and the judgment was affirmed by said court by a vote of four to three; an appeal was taken to the United States Supreme Court by the defendant, where the decisions of the courts of this state were reversed, and the law held unconstitutional by a vote of five to four.   *Lochner* v. *New York,* 198 U. S. 45.   The dissenting judges in the Court of Appeals and in the United States court wrote elaborate opinions in favor of the constitutionality of the law. The vital question in all of these cases is:   '' Is the given act of the legislature necessary to secure the peace, good order, health, morals and general welfare of the community? ''

While I am decidedly of the opinion that the legisla-
tion in question, section 8 of article 2 of the Labor
Law, secures the health of employees of railroad com-
panies, and the safety of the people, we are also not
without authority for holding such legislation constitu-
tional, for the Court of Appeals upheld the constitu-
tionality of said section 8 of the Labor Law relating
to the employment of signalmen not more than eight
hours a day, and which case was argued a few days ago
before the United States Supreme Court on an appeal
thereto by the defendant. *People* v. *Erie R. R. Co.,*
198 N. Y. 369.

The defendant in this case also contends that said
subdivision 8 of the Labor Law by the amendment of
1913 is unconstitutional in that it provides not only
that certain employees shall have two days of twenty-
four hours each in every calendar month for rest, but
that it directs that he be compensated for such two
days, and that, therefore, the defendant is deprived
of its property without due process of law.

While there may be some merit in such contention,
it does not follow that the whole amendment of 1913
is unconstitutional.  It was conceded, I think, in most,
if not all courts, in the case of *People* v. *Lochner,*
*supra,* that all of the provisions of the act of the legis-
lature in question in that case were valid, except that
section providing for ten hours of labor per day.  And
it was argued by the people that, for this reason, the
law should be upheld as a health law coming within
the police powers of the state.  But Judge O'Brien in
his dissenting opinion, holding the law unconstitu-
tional, said: " The single section of the Labor Law
that we are now dealing with must stand or fall upon
its own intrinsic character and can receive no support
from the company in which it is found."  And he
further says: " The validity of that section is not

affected or helped out by the character of some of the other sections of the article, since part of a statute may be perfectly valid and another part in conflict with the Constitution.''

It must follow, therefore, that part of a section of an act may be unconstitutional and the balance thereof valid.

For the reasons stated, and upon the authority of the case of *People* v. *Erie Railroad Co.*, *supra*, the contention of the defendant in its second, third and fourth grounds for the reversal of the judgment herein is not tenable.

The fifth ground of the defendant for the reversal of the judgment herein is that only one remedy is provided by the statute, and that is an action by law for the recovery of the penalty.

Section 8 provides that for a violation of any provisions of said section a civil action may be maintained. And section 1275 of the Penal Law provides that a violation of any of the provisions of said section is a misdemeanor. Either or both of these remedies can be pursued.

The attorney-general of the state of New York in an opinion on this matter says: '' It seems plain under *People* v. *Erie Railroad Co.*, 198 N. Y. 370, that a civil action for the recovery of a penalty is provided for under section 8 of the Labor Law, since that form of action was pursued there to a successful conclusion in the Court of Appeals. Although a penalty may be recovered in a civil action a criminal prosecution in a similar action is not prevented thereby.''

The defendant also contends that as section 1275 of the Penal Law, as amended by the Laws of 1913, took effect before the amendment to said section 8 of the Labor Law in 1913, the Penal Law is not applicable.

Both statutes were passed at the same session of the legislature, and such construction should be given to said acts of the legislature as will make both effective. *N. Y. C. & H. R. R. R. Co.* v. *Kip,* 46 N. Y. 546; *Smith* v. *People,* 47 id. 330; *People* v. *England,* 91 Hun, 352; *Matter of Rochester Com'rs,* 66 N. Y. 413; *Bush* v. *D. & H. Co.,* 166 id. 210.

For the reasons stated the judgment of conviction by the Police Court of the city of Albany is affirmed.

Judgment affirmed.