DANNY SOBOTTA, a Minor, by Carole Sobotta, his Mother and Next Friend, Plaintiff-Appellant, *v.* MICHAEL CARLSON, Defendant-Appellee.

Third District   No. 78-64

Opinion filed November 9, 1978.—Rehearing denied December 12, 1978.

Mark J. Condon, of Perz and McGuire, of Chicago, for appellant.

Roger L. Williamson, of West, Neagle & Williamson, of Galesburg, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Danny Sobotta, a minor, brought this action in the circuit court of Knox County seeking to recover damages from the defendant, Michael Carlson, for injuries caused by the defendant's dog. After a jury trial, a verdict was returned in favor of the defendant and the plaintiff has appealed.

The minor plaintiff, Danny Sobotta, was 4½ years old on April 13, 1975, when the incident giving rise to this suit occurred. At the time of trial

Danny was six years old and his testimony given at the trial is the only evidence of the incident. According to his testimony, he was riding his tricycle on the public sidewalk in the mobile home park where he lived. Danny got off his tricycle in front of a trailer approximately 45 feet from his own mobile home. While standing on the public sidewalk and removing a jawbreaker from his mouth, he was attacked by a dog chained to a tree in front of the mobile home, the mobile home and dog being owned by defendant. Danny went back home and was taken to the hospital where it was ascertained he had suffered animal bites about his face causing permanent damage. A police officer testified that after talking to Danny in the hospital he returned to the mobile home park and found the defendant's dog chained to a tree in front of defendant's mobile home.

At a preliminary inquiry the trial judge questioned Danny and determined that he was competent to be a witness. Although no questions are raised on this appeal about Danny's competence to testify as a witness, there are issues generally relating to his age.

■■ To sustain his case the plaintiff was required to prove first, the attack by defendant's animal; second, that it was without provocation; third, that the minor plaintiff was peaceably conducting himself in a place where he had a legal right to be at the time he was there and lastly, that he did sustain severe and permanent injury.

On this appeal the plaintiff urges the trial court erred in denying his motion notwithstanding the verdict and for a new trial based on several arguments. However, the issue central to plaintiff's arguments is his claim that because Danny's testimony was neither contradicted nor impeached it must be accepted by the jury without question or qualification.

■■ The general rule is that the competence of a prospective witness is in the first instance to be determined by the trial judge. (*Kelly v. People*, 29 Ill. 287.) In *Shannon v. Swanson*, 208 Ill. 52, 55, 69 N.E. 869, where the proposed witness was 7 years old, the court observed "* * * the boy had sufficient mental perception and moral understanding to qualify him to speak as a witness, the weight and value of his testimony being matters for the consideration of the jury." That a witness may be found competent to testify does not mean that the factors affecting his competence may not affect the credibility of his testimony. To be a competent witness requires only minimal levels of qualification and does not determine the quality of the testimony later given or preclude consideration by the trier of fact of those facts associated with the issue of competence.

Plaintiff relies on *Bale v. Chicago Junction Ry. Co.*, 259 Ill. 476, 102 N.E. 808, in support of his contention that because Danny's testimony was uncontradicted and unimpeached, the jury had no right to reject it. The observation of the court in *Bale* is appropriate under its circumstances,

but is of no persuasive applicability to the facts of this case. In *Bale* no question was raised either about the competency of the witness or concerning the credibility of the testimony of the witness as it may have related to the reasons of competency. In addition it should be noted the *Bale* case characterized the testimony of the witnesses as uncontradicted and unimpeached.

To the extent that impeachment refers to an assault on credibility, plaintiff's age and associated characteristics affect his credibility. To be sure, his credibility is not questioned on account of lying or having made inconsistent statements. Rather, his credibility is questioned because of immaturity and lack of ability to make mental perceptions.

■■ ■ Illinois Pattern Jury Instruction, Civil, No. 2.01 (2d ed. 1971) was given and it provides:

> "You are the sole judges of the credibility of the witnesses and of the weight to be given to the testimony of each of them. In determining the credit to be given any witness you may take into account his ability and opportunity to observe, his memory, his manner while testifying, any interest, bias or prejudice he may have, and the reasonableness of his testimony considered in the light of all the evidence in the case."

This instruction would permit the jury to draw inferences either favorable or unfavorable from the fact of the plaintiff's age and from factors relating to his age. In *Biggerstaff v. Estate of Nevin*, 2 Ill. App. 2d 462, 470, 119 N.E.2d 826, the court stated:

> "The general rule is that the testimony of an impartial or disinterested witness as to a fact, which is not of itself improbable and is not contradicted by other equally credible evidence, is to be taken as establishing such fact. However, where there are facts and circumstances appearing in evidence which naturally raise questions which reflect upon such testimony, then the aforesaid rule does not apply."

Although the *Biggerstaff* case did not involve testimony of a child, we believe it announces the principle applicable to this case and as so applied, we believe the jury could reasonably conclude the plaintiff had not sustained his burden of proving the defendant's dog attacked him without provocation.

For the foregoing reasons the judgment of the circuit court of Knox County is affirmed.

Judgment affirmed.

ALLOY, P. J., and SCOTT, J., concur.