RICHARD STEHL, Plaintiff-Appellant, *v.* RONALD DOSE, Defendant-Appellee.

Third District   No. 79-303

Opinion filed April 29, 1980.—Rehearing denied June 2, 1980.

STOUDER, P. J., dissenting.

Edward Zukosky, of Wenona, for appellant.

Anthony C. Raccuglia, of Peru, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiff Richard Stehl filed suit in the Circuit Court of La Salle County against defendant Ronald Dose to recover for permanent injuries resulting from a dog bite. According to the evidence adduced at the jury trial, defendant owned a 100-pound German shepherd which he kept tied on a 25-foot chain in front of a machine shed on his farm. Defendant wanted to get rid of the dog because he was afraid his young son might get within the dog's reach. When plaintiff heard about defendant's dog, he offered to take the dog since he needed a watch dog for his construction business. Plaintiff was familiar with German shepherds and had been around them all his life.

On December 5, 1975, plaintiff saw defendant's hired man, George True, in a restaurant, and the two men agreed that plaintiff could pick the dog up that afternoon since True would be working at the farm. Plaintiff arrived with a bag of food scraps which he gave to the dog. The dog took

the bag 3 or 4 feet inside the perimeter of his chain where he ate the food. Plaintiff talked to the dog and petted him. While the dog was eating, plaintiff stepped inside the circle and knelt on one knee a short distance from the dog. The dog would eat some and then would come over to plaintiff and lick his hand, and plaintiff would pet him. This happened several times. True said he would go find a piece of rope, and while plaintiff's head was turned away from the dog, the dog attacked, sinking his fangs into plaintiff's right forearm. In the process of pulling loose from the dog, plaintiff's arm was ripped open in two places. Because of the length of the wounds, it was necessary to stitch the lacerations closed, and afterwards, the arm became infected. After extensive medical treatment, plaintiff continues to have considerable pain and swelling and experiences difficulty when he tries to use his right hand.

At the conclusion of all the evidence, the trial judge denied defendant's motion for a directed verdict and submitted the case to the jury which returned a verdict in favor of defendant. Plaintiff appeals.

This cause of action was predicated upon section 16 of the Animal Control Act (Ill. Rev. Stat. 1977, ch. 8, par. 366), which provides:

> "If a dog or other animal, without provocation, attacks or injures any person who is peaceably conducting himself in a place where he may lawfully be, the owner of such dog or other animal is liable in damages to such person for the full amount of the injury sustained."

Plaintiff first argues that there was no evidence of provocation and thus defendant was liable as a matter of law and, secondly, that the verdict in favor of defendant was contrary to the manifest weight of the evidence.

In submitting this case to the jury, the trial judge observed that the only factual issue was whether there was provocation for the dog's attack. Plaintiff discusses several cases where such actions as kicking or stepping on a dog's tail were held to be provocation, and then concludes that defendant's dog made a vicious attack upon plaintiff which was out of all proportion to plaintiff's peaceful and friendly acts. Plaintiff fails, however, to come to grips with the question which is actually the crux of this case: Was it provocation within the meaning of the statute for plaintiff, acting in a peaceable manner, to cross the perimeter of the dog's chain and to enter the territory which the dog was protecting and to remain within the dog's reach while he was eating? Plaintiff testified that the dog barked as he approached and that he knew the dog was protecting his territory. Consequently plaintiff proceeded slowly and spoke softly so as not to excite the dog.

Provocation was defined in *Nelson v. Lewis* (1976), 36 Ill. App. 3d

130, 344 N.E.2d 268, where the plaintiff claimed that accidentally stepping on a dog's tail was not an intentional act and could not be provocation within the statute. The court stated:

"Provocation is defined as an act or process of provoking, stimulation or incitement. (Webster's Third New International Dictionary 1827 (1961).) Thus it would appear that an unintentional act can constitute provocation within the plain meaning of the statute." 36 Ill. App. 3d 130, 131, 344 N.E.2d 268, 270-71.

■■ Under the statute plaintiff was required to prove: (1) an attack by defendant's dog; (2) injury to plaintiff; (3) absence of provocation; and (4) that plaintiff was conducting himself peaceably in a place where he had a legal right to be. As we analyze the evidence in the record, plaintiff clearly established that he was behaving in a peaceable manner, that the owner of the property had invited plaintiff to come upon the premises for the purpose of taking the dog, that defendant's dog attacked, and that plaintiff was injured. However, whether plaintiff's conduct amounted to provocation is not clear. Reasonable men would differ, and accordingly, we view this issue as one especially suited to jury determination. (Cf. *Sobatta v. Carlson* (1978), 65 Ill. App. 3d 752, 382 N.E.2d 855.) Because we think the evidence would support a finding either way on the issue of provocation, we hold that the verdict was not contrary to the manifest weight of the evidence.

We believe it important to note that the question of what conduct constitutes provocation is primarily a question of whether plaintiff's actions would be provocative to the dog. Thus, neither the fact that plaintiff had the owner's permission to approach the dog nor the fact that plaintiff was conducting himself in a manner approved by the hired hand are matters bearing on the issue of provocation.

■■ Plaintiff also argues that the jury's verdict was the result of bias and prejudice and indicates that plaintiff was denied a fair trial. Since he cites nothing in the record to substantiate his charge, other than the unfavorable verdict, we conclude that this argument is totally without merit.

■■ Plaintiff assigns as error several rulings made by the court during trial. The court excluded evidence offered by plaintiff concerning how the dog behaved after the attack on plaintiff, what plaintiff thought it meant when a dog wags its tail, and whether this dog had previously bitten someone. Plaintiff insists this evidence was erroneously excluded, but, as defendant points out, this evidence was not relevant. In an action under this statute, the past history of the dog or any inherent viciousness is not an issue. (*Nelson v. Lewis* (1976), 36 Ill. App. 3d 130, 344 N.E.2d 268.) It is argued that evidence of a dog's prior viciousness was approved in *Steichman v. Hurst* (1971), 2 Ill. App. 3d 415, 275 N.E.2d 679, but that case differed

substantially from the instant case because there one of the factual issues was whether the plaintiff, a mail carrier, was acting reasonably in spraying an attacking dog with "Halt." The dog had harrassed plaintiff on earlier occasions. The court found that the plaintiff's acts were reasonable measures for self protection and upheld the jury verdict in favor of the plaintiff. Furthermore, the admissibility of evidence of the dog's earlier conduct apparently was not questioned. None of the excluded evidence here tended to prove an element of plaintiff's cause of action, and the refusal to admit this evidence was not an abuse of the court's discretion.

■ Plaintiff also argues that the trial court erred in refusing to give the following instruction concerning provocation: "Provocation as a defense exists only when the dog's reaction is a reasonably expected response to the actions of the Plaintiff." Under the statute, plaintiff has the burden of proving the absence of provocation as an element of his case; hence it would be incorrect to instruct the jury that provocation is a defense. The instruction was rightly refused.

Plaintiff also contends that defendant's attorney made several improper comments during closing argument which were not based upon facts in evidence and which were highly prejudicial. Since both parties waived the presence of a court reporter during closing argument, no transcript was made. Plaintiff presented a bystander's report to the trial judge, pursuant to Supreme Court Rule 323(c) (Ill. Rev. Stat. 1977, ch. 110A, par. 323(c)), but the trial court refused to certify the proposed report. The court observed that a reporter had been available so that an accurate transcript would have been easily obtainable had plaintiff so desired. The court also stated that plaintiff made no objections during defendant's final argument and that the proposed report was not accurate and did not contain statements made by counsel but rather suggested "generalized conclusions" which in fact were not arguments made at trial.

■ It is apparent the trial court refused to certify the proposed bystander's report because it was not an accurate report of proceedings. On the basis of the record, we cannot say that the trial court was wrong. A trial judge should never certify a report he knows to be incorrect or inaccurate. Since it was not error to refuse to certify the bystander's report, there is no record on appeal of closing arguments, and without a record we have no means of reviewing the alleged errors.

For the reasons stated, we affirm the judgment of the Circuit Court of La Salle County.

Affirmed.

SCOTT, J., concurs.

Mr. PRESIDING JUSTICE STOUDER, dissenting:

I respectfully disagree with the opinion of the majority. I believe the liability of the defendant was established as a matter of law and consequently the case should be remanded for further proceedings on damages only. Alternatively, I believe the plaintiff is entitled to a new trial generally because of prejudicial errors resulting from the trial court's rulings on evidentiary issues.

The majority, by reference to the statute and prior decisions, has set forth the elements of the plaintiff's cause of action. The majority then declare it is the burden of the plaintiff to prove his lack of provocation and hold that because of such burden this issue presented a question of fact to be resolved by the jury. I agree with the primary assertion, the burden is upon the plaintiff, but I believe that he established his lack of provocation as a matter of law and that no jury question existed under the facts presented by this case.

Although the statute purports to enumerate separate independent elements to be proved by the plaintiff it requires only a casual consideration of these elements to recognize that they are neither independent nor mutually exclusive. As applied to the facts of this case they are in fact contradictory if the application proposed by the majority is accepted.

The majority suggest that there is no dispute but that plaintiff's conduct was peaceable and that he was in an area he was entitled to be. Yet, the plaintiff's peaceable conduct and presence is considered by the majority to be evidence of provocation. If the plaintiff's conduct was peaceable and he was where he was entitled to be how can his peaceable presence be deemed any evidence of provocation. Can a person's conduct be peaceable and at the same time provocative? At least as applied to the facts of this case I think that the answer has to be no.

Plaintiff was specifically invited by the defendant to be at the place he was, namely, within the area which the dog could reach when attached to his chain. Likewise, he was within this area with the permission of the hired hand and the plaintiff's conduct was in accord with the hired hand's ideas on how the dog should be approached. Under these circumstances the plaintiff's peaceable intrusion at the special invitation of the owner can not be regarded as any evidence of provocation.

To adopt the view of the majority would mean that a party riding on a bicycle on the street in front of a house could be regarded as provoking an attack by a dog because he knew or should have known that moving vehicles and bicycles provoke dogs to attack. Alternatively, the party should have known that intruding into an area which a dog might regard as his turf constituted provocation.

It seems to me that the provocation contemplated in the statutory provision refers to conduct by the victim which precipitates the attack by the animal, although *Siewerth v. Charleston* (1967), 89 Ill. App. 2d 64, 231 N.E.2d 644, suggests by way of dicta, that there need be no intent to provoke an animal. The case itself dealt with the conduct of children who ordinarily at a tender age are incapable of forming an intent and found the conduct was intentional. Whether or not intent is required, it would appear that the ownership and control of the animal versus the conduct of the victim would, at a minimum, present a question of proximate cause, and, in the ordinary case, depend upon the conduct of the victim under the circumstances.

In *Nelson v. Lewis* (1976), 36 Ill. App. 3d 130, 344 N.E.2d 268, the court concludes that provocation may be intentional or unintentional. In *Nelson* the court holds that where the provocation is unintentional the victim will be entitled to recover where the response of the animal is out of all proportion to the unintentional stimulus. In other words, under such circumstances, the unintentional provocation is not deemed to be the cause of the animal's attack.

Accordingly, I believe the liability of the defendant was established as a matter of law and the contrary judgment of the court should be reversed and the cause remanded for a hearing on damages only.

Assuming for the purpose of argument that an issue of fact existed which properly presented a jury question, it is my opinion that a new trial is required because the trial court erred in rulings on evidence. As indicated in the majority opinion, the trial court sustained the defendant's objection to questioning of the defendant regarding the defendant's knowledge of prior bites and viciousness of the dog. Although similar questions were answered by the hired hand, without any objection by the defendant, to the effect the dog had bitten other people, the fact remains that this issue was excluded on cross-examination of the defendant. The majority justify the exclusion by accepting the defendant's assertion that the viciousness of the animal was not an element of the plaintiff's cause of action.

I do not believe the issue can be disposed of on this basis for two reasons. First, even though knowledge of a dog's propensities or viciousness is not an element of the cause of action, such circumstances are of particular relevance in evaluating the plaintiff's conduct. If the dog is known to be vicious or to have bitten other people, communication of this fact to a party would be relevant in determining whether such party's conduct was provocative in view of the knowledge of the circumstances so communicated. Such facts have peculiar relevance in this case because the plaintiff was where he was and doing what he was doing at the special invitation of the owner. In *Steichman v. Hurst* (1971), 2 Ill. App. 3d 415,

275 N.E.2d 679, in an action based on the same statute as in the instant case, there was extensive evidence admitted by the trial court and discussed approvingly by the court of review regarding the prior viciousness of the dog, the numerous complaints made to the owner and the mail carrier's conduct in view of the prior circumstances.

Second, similar testimony was permitted by the hired hand and under such circumstances, excluding the same type of testimony from the lips of the defendant could do nothing but cause confusion in the minds of the jury. Since the questions were relevant the ambiguities created by the trial court's rulings deprived the plaintiff of a fair trial.

Also excluded from evidence by the trial court was evidence the dog was wagging its tail, tending to indicate a friendly disposition according to the plaintiff. No reason is advanced by the majority why this evidence was not relevant and I believe it was so, particularly when the defendant was relying to a substantial extent on the plaintiff's "familiarity" with German shepherds. If the issue of provocation is related to the plaintiff's knowledge of dogs it seems to me that whatever signals the dog is evincing, either friendly or antagonistic, are relevant and should have been admitted. Since the majority seems to characterize this case as one where there is substantial evidence on both sides, I think the erroneous exclusion of the evidence was prejudicial and requires a new trial.