# The Chicago and Alton Railroad Company

## *v.*

## Fred Kuckkuck.

*Opinion filed June 19, 1902.*

1. ANIMALS—*rule as to exercise of caution respecting domestic animals.* In the case of domestic animals which are not naturally dangerous, the public are not bound to exercise care or caution without notice of the dangerous propensity of the particular animal.

2. SAME—*contributory negligence as a defense to action for injury from a vicious dog.* If a party heedlessly places himself in the way of a vicious dog with knowledge of its propensity or knowingly brings the injury upon himself by his own conduct, such facts constitute a good defense to an action for damages; but it is a defense which depends upon knowledge, and it is not necessary for the plaintiff to aver and prove the exercise of caution.

3. SAME—*when instruction is not erroneous in not requiring caution respecting vicious dog.* In an action for damages for injuries from vicious dogs kept upon the premises of a railroad company by an employee, if there is no evidence tending to show that the plaintiff knew of the presence of the dogs or that he did anything to provoke their attack upon him, it is not error for an instruction summing up the facts essential to a recovery to omit the requirement of due care and caution by the plaintiff.

*Chicago and Alton R. R. Co.* v. *Kuckkuck,* 98 Ill. App. 252, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. R. W. HILSCHER, Judge, presiding.

JAMES R. FLANDERS, for appellant.

DONAHOE & MCNAUGHTON, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee, a minor, suing by his next friend, brought this suit in the circuit court of Will county against appellant to recover damages received from being attacked and bitten by two dogs kept by appellant on its premises.

Upon a trial he obtained a verdict, on which judgment was entered, and the Appellate Court for the Second District affirmed the judgment.

The yard office of the defendant in the city of Joliet stood on sloping ground facing east, and was even with the surface in front while the back part rested on piers, leaving an open space under the building. Plaintiff went to the office with a telegraph operator who was seeking employment, to show him the way. The telegraph operator went up-stairs to the telegraph office and plaintiff sat down on a bench in front of the building. It was in July, and after remaining there a short time he went around on the north side of the building to get in the shade, as he testified, and squatted or sat down upon his heels against one of the piers. There were two bull dogs on the premises. One of them was running loose, and the other was tied under the office by a chain from his collar, with a ring at the other end running on a telegraph wire. One end of the wire was fastened at the center pier, where the dog-house was, and the other end to a telegraph pole about fifty feet away, so that the dog could run back and forth and the ring would slide on the wire. Employees were accustomed to leave their dinner pails, rain coats and other clothing there, and the dog was kept there by authority of C. H. Haskell, the yard-master and freight agent of defendant, to prevent pilfering and nuisances and to keep tramps away. The dogs were owned by James Corcoran, a yard clerk under Haskell, and had been kept there in that way about four months. Soon after plaintiff went around by the pier he was attacked by the dogs, his clothes were torn from him and he was badly bitten. He was rescued by the yard-master and other employees of defendant, and his wounds were numerous and serious.

The first alleged error is the refusal of the court to admit testimony offered on the part of defendant to show that the dogs were not vicious or accustomed to attack

persons.    There was evidence on the part of plaintiff
tending to prove that the dogs were vicious and danger-
ous and that the servants of defendant knew that fact.
Defendant was allowed to prove by the yard-master that
he had observed people around near the dogs, and never
had any knowledge or notice that they, or either of them,
were of a ferocious nature or accustomed to attack or
bite mankind.    Another witness for defendant, who had
kept and fed the dogs, testified that she never saw them
attempt to bite or attack any stranger, and if spoken
sharply to by any person they paid no attention to it.
The owner of the dogs testified that prior to the time
plaintiff was bitten he never had any notice or knowledge
that the dogs, or either of them, were accustomed to at-
tack or bite mankind.    Defendant was allowed to offer
testimony of the habits of the dogs and that they never
manifested a vicious disposition, and most of the ques-
tions to which objections were sustained called for mere
conclusions of the witnesses as to the character of the
dogs, and as to whether, in the opinion of the witness,
he had any reason to suppose the dogs were of a fero-
cious nature.    We find no error in the rulings.

It is further urged that the court erred in not allow-
ing the yard-master, Haskell, to testify whether the pub-
lic had any right on the property where plaintiff was.
Defendant proved the situation and uses of the property
fully.    The premises were open, and there was nothing
to inform or indicate to the public that they had no right
to go there.    There was no sign that dogs were kept
there, and there is no claim that plaintiff knew that dogs
were there or what sort of dogs they were.    It was not
error to refuse to admit Haskell's opinion as to the rights
of the public resulting from the situation and uses of
the property.

It is insisted that the court erred in giving to the
jury, at the instance of the plaintiff, the following in-
struction:

"In law, it is not necessary that the defendant should be proven to be the owner of the dog or dogs in question. If the jury believe, from the evidence, that said dogs were vicious and accustomed to bite mankind, and that the defendant knowingly harbored them upon its premises knowing them to be of a vicious nature and used to attack and bite mankind, and if the jury further believe, from the evidence, that said dogs did lacerate and bite the plaintiff's legs and arms as set forth in his declaration herein, then they should find a verdict in the plaintiff's favor."

The objection made to the instruction is, that is does. not contain the requirement that plaintiff was in the exercise of ordinary care and caution for his own protection. At the request of the defendant that requirement was placed before the jury in several instructions, and they were told that plaintiff must show that he was free from all negligence that contributed materially to the injury; that he must prove he was not guilty of any material negligence or carelessness that contributed to his injury, and that if he so conducted himself that he drew upon himself the attack of the dogs and was thereby injured he could not recover. The instruction objected to, however, was mandatory, and purported to state the rights of the parties and the facts which would authorize a recovery. Such an instruction must be complete in its statement of the facts which will justify a verdict, and if any material fact or requirement is omitted the instruction will be erroneous. An instruction of that kind is not cured by others, because if the jury obey the instruction they will render a verdict upon the finding of facts stated in it, regardless of the omitted fact or requirement. (*Chicago, Burlington and Quincy Railroad Co.* v. *Harwood,* 80 Ill. 88; *North Chicago Rolling Mill Co.* v. *Morrissey,* 111 id. 646.) If it was necessary for the plaintiff to prove that he was in the exercise of ordinary care in order to establish a liability against the defendant, that

fact should have been included in the instruction which directed the jury to find a verdict in his favor. As a matter of fact there was no evidence fairly tending to show any negligence on his part. He did not know that the dogs were under the building or that they were dangerous, and the jury could not have found him guilty of any negligence. In *Keightlinger* v. *Egan,* 65 Ill. 235, it was held error to refuse an instruction that if the dog was irritated and aggravated to bite the plaintiff by being kicked by him, and not from being a dangerous and savage animal naturally, they should find for the defendant, and that the plaintiff could not recover for an injury received as a result of his own carelessness and negligence. Judge Cooley says that the doctrine of contributory negligence applies to the case of injury by animals, and if a man heedlessly places himself on the premises of another in the way of a bull which he knows to be vicious and dangerous he has no lawful ground of complaint if he is gored. (Cooley on Torts, 346.) It is the rule, however, that the public are entitled to act upon the presumption that all dangerous animals are properly confined, and they need not exercise any especial care or caution for their protection. (1 Thompson on Negligence, 934.) In the case of domestic animals which are not usually or naturally dangerous or ferocious, the public are not bound to exercise care or caution without notice of the dangerous character of the particular animal. The keeper is not bound to exercise care with respect to them in the absence of such notice, and we see no reason why the same rule should not apply to the public. The author of the article on "Animals" in the American and English Encyclopedia of Law (2d ed. vol. 2, p. 372,) says: "The better view is, that contributory negligence, in its ordinary meaning, is not a good defense in an action to recover damages for injuries sustained from a vicious dog. But if a person with knowledge of the evil propensities of a vicious dog wantonly excites him, or voluntarily and

unnecessarily puts himself in the way of such an animal, he will be adjudged to have brought the injury upon himself and will not be entitled to recover." The author of the article on the same subject in the Cyclopedia of Law and Procedure (vol. 2, p. 380,) says: "In some cases it is held that plaintiff's contributory negligence will bar his right of recovery, while others hold that the owner will not be relieved from liability by a slight negligence or want of ordinary care on the part of the person injured, but that, to constitute a defense, acts must be proved, with notice of the character of the animal, which would establish that the injured person voluntarily brought the injury upon himself or that amount to an unlawful act on plaintiff's part." There seems to be a great diversity of opinion on this subject in the adjudged cases, depending upon the view of the court as to whether the keeper, with knowledge of the vicious nature of the animal, is liable, as an insurer, for all injuries it may inflict, or whether the liability depends upon negligence of the keeper, or whether permitting the vicious animal to be at large is such willful wrong that contributory negligence of the party injured is not a defense. In *Stumps* v. *Kelley*, 22 Ill. 140, it was said that "the principle of responsibility by an owner of an animal accustomed to commit injury to mankind, and knowing its vicious propensity, is imposed for all injuries it may inflict." But in *Keightlinger* v. *Egan, supra*, it was held that the plaintiff could not recover for an injury resulting from his own negligence. It is undoubtedly the rule in this State that if the party injured has been guilty of heedlessly placing himself in the way of a vicious dog with knowledge of its propensities, or has brought the injury upon himself by his own conduct, or his fault has proximately contributed to his injury, such facts will constitute a good defense. This defense, however, depends upon knowledge, and it is only after notice that the public are required to be on their guard to avoid in-

jury. It is not necessary for a plaintiff to aver and prove the exercise of care and caution for his own protection, but it is matter of defense. In this case, if there had been any evidence from which the jury might have found the plaintiff guilty of such contributory negligence as would prevent a recovery, it would have been error to ignore such defense in the instruction complained of. There was no evidence of that character and no substantial defense based upon conduct of the plaintiff. It was not error to give the instruction.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*