**Joanna Gerulis, Appellee, v. Michael Lunecki, Appellant.**
**In re Appeal of Michael Lunecki, Appellant.**

**Gen. No. 38,363.**

Opinion filed February 19, 1936.   Rehearing denied March 5, 1936.

LEROY WINER and LOUIS JAFFIE, both of Chicago, for appellant.

ADAMS, ADAMS & WHITE, of Chicago, for appellee; J. THOMPSON WHITE, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by the defendant from a judgment for the plaintiff in the sum of $2,500 in an action by the plaintiff for damages for personal injuries sustained by her. The plaintiff was upon the premises of the defendant located at 2516 West 46th street, Chicago, and was there upon the invitation of the defendant, who was engaged in the meat business, to purchase meat supplies for her family.

On July 10, 1934, when the plaintiff entered upon the premises from an alley at the rear of defendant's place of business, she was attacked by a police dog owned by the defendant and severely lacerated by the bites of this animal. The defendant kept this dog upon the premises to protect chickens kept at the rear of his premises from thieves and intruders.

The dog had been chained to a post attached to the garage. This chain was approximately five feet in length, was attached to the collar around the dog's neck, and the dog was usually kept within a wire inclosure about five feet high. There was a space between the garage building and the fence on the dividing line of the property, and it was in this inclosed area of about five feet that the animal was kept. On the day of the attack upon the plaintiff, the dog was not fastened or chained to the post, and furthermore, was not in the inclosure, but had the freedom of defendant's premises at the rear of the meat market, when the attack upon the plaintiff took place.

There was some evidence as to the vicious propensities of this animal. The question is: Did the plaintiff by her evidence, submitted to the court without a jury,

prove an injury which would justify the court's judgment? This court in the case of *Chicago & Alton R. Co. v. Kuckkuck*, 98 Ill. App. 252, in passing upon the responsibility of an owner keeping a dog upon his premises to protect his property, said:

"It is next contended by appellant that 'the proof fails entirely to show either that the dogs were of a ferocious and savage disposition and accustomed to attack and bite mankind, or that the appellant had any knowledge of it, were it so.' In 2 Am. & Eng. Ency. of Law, 2d Ed., page 369, it is said in speaking of the liability of owners or keepers of dogs for injuries occasioned by them, 'The *scienter* may be established by attendant circumstances without the necessity in all cases of proving prior cases of injury.'

"In the note following it is further said:

"Where watch dogs are kept for protection, the dangerous character and knowledge thereof may be inferred from their size, their actual conduct, the admitted purpose for which they are kept, and the care exercised in their custody. Where it appeared that it was the custom to chain up the dogs every morning at daylight and loosen them only at night, this was held to establish the *scienter*. And in *Jones v. Perry*, 2 Esp. 482, it is held that where the owner keeps his dog tied and does not permit him to run at large, it must be presumed that the dog is vicious, unruly, and not safe to be permitted to go abroad."

The above stated case was affirmed by the Supreme Court between the same parties in *Chicago & Alton R. Co. v. Kuckkuck*, 197 Ill. 304.

It is evident that this police dog was kept by the defendant for the purpose of protecting his property against thieves and intruders. While there is evidence that he was kept in an inclosure, nevertheless the day on which this injury occurred the plaintiff was attacked in the manner appearing from the evidence, and the defendant was properly chargeable with the dan-

gerous character of the dog and knowledge thereof from the admitted purpose for which it was kept. While the question of the exercise of care in the custody of an animal is a question for the court, we believe the plaintiff by her evidence established the liability of this defendant for the damages she sustained while an invitee upon his premises.

The defendant complains of the amount of damages allowed the plaintiff for her injuries. From the record it appears that plaintiff was severely lacerated by the attack of this dog; that she has one or two scars on her left leg, for which she was treated by a doctor, and that she is unable to close the fingers of her left hand or open them completely; that there is an extensive red scar two and one-half or three and one-half inches in length over her breast; that while she had recovered from the effect of the bites of the dog, she was very nervous, and was unable to use her left arm; and that it is very doubtful whether the condition of her arm ever will be remedied. The doctor testified that judging from the type of her wound, he would say that the muscles were injured. We believe the trial judge, to whom this case was submitted, was justified in fixing plaintiff's damages at $2,500.

Upon the question of admissibility of certain evidence, the court tried the case without the aid of a jury, and the presumption is that he disregarded evidence that might be considered objectionable.

Other questions have been raised upon this record, but in view of the reasons given in our opinion it will not be necessary to pass upon them.

The judgment is affirmed.

*Judgment affirmed.*

HALL, P. J., and DENIS E. SULLIVAN, J., concur.