Andrew Beckert, a Minor, by Germaine Beckert, His Mother and Next Friend, Plaintiff-Appellee, v. L. C. Risberg, Defendant-Appellant.

Gen. No. 49,364.

First District, Third Division.

June 18, 1964.

Rehearing denied July 23, 1964.

Joseph A. Bailey and McKeown, Trussell, Trafelet & Caldwell, of Chicago (Joseph A. Bailey and Henry H. Caldwell, of counsel), for appellant.

Cooney and Stenn, of Chicago (Robert J. Cooney and Irving Stenn, Jr., of counsel), for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This is an action to recover damages for injuries inflicted upon the plaintiff by the defendant's dog. On April 3, 1963, plaintiff filed an amended complaint, the first count of which alleged that on or about May 14, 1961, the defendant, L. C. Risberg, was the owner of a dog, and the plaintiff, Andrew Beckert, was a minor of the age of three years and was incapable of committing contributory negligence. That on said date at or near 1130 S. Scoville Avenue in the Village of Oak Park, County of Cook, State of Illinois, said dog, without provocation, attacked the plaintiff causing divers injuries. That the defendant, L. C. Risberg, was guilty of not taking proper precautions to prevent injuries by his said dog and was liable for plaintiff's injuries under the provisions of ch 8, sec 12(d), Ill Rev Stats, 1959. This count also charged a violation of a village ordinance, but the evidence failed to substantiate such violation. Count two added an allegation of negligence in that defendant, L. C. Risberg, failed to keep his dog properly secured. Plaintiff asked for thirty thousand ($30,-000) dollars damages.

Defendant's answer, filed April 15, 1963, was in the nature of a general denial and, in addition, charged that if any injury was sustained by the plaintiff, it

was "the proximate result of his own carelessness and negligence."

Defendant moved for a directed verdict at the close of plaintiff's case and again at the close of all the evidence. Plaintiff also moved for a directed verdict at the close of all the evidence. All of the above motions were denied, and the jury returned a verdict against defendant in the sum of nine thousand five hundred ($9,500) dollars with judgment being entered upon the verdict on June 19, 1963.

Defendant thereafter filed his post-trial motion which was denied on July 13, 1963.

Defendant appealed from the final judgment in this case praying for judgment notwithstanding the verdict, or, in the alternative, for a new trial.

Defendant's first contention is that it was error to give the following plaintiff's instruction in the language of the statute:

> The court instructs the jury that as a matter of law that there was in force and effect at the time of the incident in the State of Illinois a statute which states as follows: If a dog without provocation attacks or injures a person who is peaceably conducting himself in any place where he may lawfully be, the owner of the dog is liable in damages to the person so attacked or injured to the full amount of the injury sustained. The term "owner" includes any person harboring or keeping a dog. The term "dog" includes both male and female of the canine species.

Defendant relies on Supreme Court Rule 25–1(a) (c 110, § 101.25–1, Ill Rev Stats 1961) in support of his contention. That rule reads as follows:

> Whenever Illinois Pattern Jury Instructions (IPI) contains an instruction applicable in a civil

103

case giving due consideration to the facts and the prevailing law, and the court determines that the jury should be instructed on the subject, the IPI instruction *shall* be used, unless the court determines that it does not accurately state the law. . . . (Emphasis supplied.)

The following IPI instruction (promulgated prior to trial in the instant case) was not given.

At the time of this occurrence there was in force in Illinois a statute governing the responsibility of one owning, keeping or harboring a dog. That statute provides that (the owner of a dog) (a person keeping a dog) (a person harboring a dog) is liable in damages for injuries sustained from an attack or injury by the dog on a person peacefully conducting himself in a place where he may lawfully be (unless that person knew of the presence of a dog and did something a reasonable person should have known would be likely to provoke a dog to attack or injure him) (unless that person knew of the presence of a dog and the unusual and dangerous nature of that dog and did something a reasonable person should have known would be likely to provoke an attack or injury by that dog). IPI No 110.04.

Defendant contends that the IPI instruction should have been given.

■ ■ The statute is clear and unambiguous. Being in the exact words of the statute, the instruction complained of accurately stated the law and could not have misled the jury. As was stated in Bertrand v. Adams, 344 Ill App 559, 101 NE2d 841, "As a general rule, where an instruction is given in the language of the statute which is pertinent to the facts, it must be regarded as sufficient." Furthermore, there was no evidence of provocation in this case and it was not necessary for the court to instruct the jury as to what

104

facts would constitute provocation. Since the IPI instruction includes statements as to what might be considered provocation, it could not properly have been given under the proof in this case.

Defendant also complains about the giving of the following instructions:

> Plaintiff's Instruction No. 5. You must not consider the question of whether there was contributory negligence on the part of Andrew Beckert because, under the law, a child of the age of Andrew Beckert is incapable of contributory negligence.

> Plaintiff's Instruction No. 6. If you find that the parents of Andrew Beckert were negligent, that negligence shall not be charged against him, and it does not prevent a recovery by him if he is otherwise entitled to recover.

The objection to these instructions was that contributory negligence of the plaintiff and negligence of the plaintiff's parents were not for the consideration of the jury under ch 8, sec 12(d), Ill Rev Stats 1959, and that the submission of these instructions to the jury would tend to confuse them as to what were the issues in the case.

From an examination of the amended complaint, it is clear that the only cause of action stated thereby is one under the above statute.

Plaintiff alleges that count two of the amended complaint states a cause of action for common-law negligence. The original complaint did state a cause of action at common law in that it charged that the defendant kept a dog "well knowing that said dog then was used and accustomed to attack and bite people." The above allegation as to the defendant's knowledge of the vicious propensities of his dog was eliminated in the amended complaint. Failure to so allege is fatal to his common-law cause of action.

The common-law rule is set forth in Domm v. Hollenbeck, 259 Ill 382, 102 NE 782, where the court said at page 385:

> "The owner of an animal is bound to take notice of the general propensities of the class to which it belongs, but he is under no obligation to guard against injuries which he has no reason to expect on account of some disposition of the individual animal different from the species generally, unless he has notice of such disposition. The owner or keeper of a domestic animal of a species not inclined to mischief, such as dogs, horses and oxen, is not liable for any injury committed by it to the person of another, unless it can be shown that the animal had a mischievous propensity to commit such an injury and the owner had notice of it or that the injury was attributable to some other neglect on his part."

■■ Although the language of the above quoted rule indicates that liability might be predicated on some neglect of the owner other than the owning or keeping of a domestic animal with knowledge of its mischievous propensity to commit injury, the cases have uniformly held that where a common-law count is based upon an injury committed by a dog, it is necessary that the defendant's knowledge of the animal's vicious propensity be alleged and proven. Certainly the failure to keep a dog secured was not in itself sufficient to establish liability at common law for damages caused by such animal.

The elements of a cause of action under the statute are (1) injury caused by a dog owned or harbored by the defendant; (2) lack of provocation; (3) peaceable conduct of the person injured, and (4) the presence of the person injured in a place where he has a legal right to be.

Because of the pleadings of both parties, the case went to trial under a negligence theory.

■ ■ Negligence or contributory negligence are not elements of the cause of action or defense, and they have no place in a suit brought under the statute. The court should not have instructed the jury as to the inability of Andrew Beckert to be guilty of contributory negligence as it was not at issue. Similarly, the negligence, if any, of Andrew Beckert's parents was not an issue in the case. Instructions on these points only tended to confuse the jury as to what were the issues before it. Upon retrial, counsel are directed to amend their pleadings and prepare instructions which will not inject the elements of negligence or contributory negligence in this proceeding brought under the statute.

■ Because of our views already expressed, it is unnecessary to consider other points raised by the defendant. However, since the case must be retried, we feel it advisable to point out that the proof of each of the four elements heretofore mentioned are the only requirements for establishing a cause of action under the statute. While the evidence of lack of provocation was meager, we believe that the jury, if properly instructed, could have concluded that the plaintiff was peaceably conducting himself in a place where he had a right to be, and that there was no provocation at the time of the attack.

Because of our holding that it was prejudicial error to give the jury instructions regarding contributory negligence and negligence, the judgment of the trial court in favor of the plaintiff is reversed and the cause is remanded for a new trial.

Reversed and remanded.

SCHWARTZ, P. J. and DEMPSEY, J., concur.