(No. 38833.—

ANDREW BECKERT, Appellant, *vs.* L. C. RISBERG, Appellee.

*Opinion filed May 20, 1965.—Rehearing denied September 27, 1965.*

Cooney and Stenn, of Chicago, (Robert J. Cooney and Irving Stenn, Jr., of counsel,) for appellant.

Joseph A. Bailey and Henry H. Caldwell, both of Chicago, for appellee.

Mr. Chief Justice Klingbiel delivered the opinion of the court:

Andrew Beckert, a child three years of age, was badly bitten by a dog. On April 3, 1963, he brought action by his mother and next friend, against the owner in what was then the municipal court of Oak Park. Trial was had before a jury, a verdict was returned for the plaintiff in the amount of $9,500, and judgment was entered on the verdict. Upon defendant's appeal to the appellate court it was reversed and the cause remanded for error in the giving of instructions. (*Beckert* v. *Risberg,* 50 Ill. App. 2d 100.) We have

granted the plaintiff leave to appeal, and the cause is here for further review.

The evidence shows that on May 14, 1961, the plaintiff with several other small children was sitting on the terrace in front of defendant's house. Suddenly one of them called to her parents, who were playing badminton nearby, and directed their attention to the plaintiff lying on the ground with the dog standing over him. The plaintiff's face was lacerated and bleeding in several places. The incident occurred five or six feet outside the gate to defendant's yard, which was standing open. The record contains no evidence to indicate what if anything had provoked the dog, nor is there anything to show what happened at all before it was discovered the child had been bitten.

Under a statute in force at the time of the occurrence it was unnecessary to prove negligence in order to recover damages. To render the owner liable it was enough "If a dog, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he may lawfully be." (Ill. Rev. Stat. 1959, chap. 8, par. 12d.) To recover under the rule at common law, on the other hand, it was necessary to allege and prove that the animal had a mischievous propensity to commit such injuries and that the owner had knowledge of the propensity. (*Domm v. Hollenbeck,* 259 Ill. 382.) The complaint in the case at bar is in two counts, the first alleging a statutory cause of action and the second a cause of action based upon negligence. To each count the defendant filed a general denial. He alleged, in addition, that the plaintiff's injuries were the result of his own negligence.

At the trial no evidence was introduced that the dog had vicious propensities, nor was the evidence in other respects sufficient to prove a common-law cause of action. Over defendant's objections the court instructed the jurors that they "must not consider the question of whether there was contributory negligence on the part of Andrew Beckert

because, under the law, a child of the age of Andrew Beckert is incapable of contributory negligence." The jury was further directed that "if you find that the parents of Andrew Beckert were negligent, that negligence shall not be charged against him, and it does not prevent a recovery by him if he is otherwise entitled to recover." The appellate court held that since the only question left in the case was one of liability under the statute, the giving of instructions about negligence would tend to confuse the jury as to what the issues were.

We agree that it was improper to give these negligence instructions, since negligence was not in issue. The only object of instructions is to enable the jury to apply the law to the evidence, and where, as here, there is no evidence of contributory negligence there is no occasion for instructions concerning it.

We cannot see however, that the giving of these instructions worked any injury to the defendant. All they did, in effect, was to tell the jury that any negligence of Andrew or his parents would not bar recovery. The jury was instructed as to the applicable rule in the language of the statute, and we do not think the giving of the instructions complained of could have misled it to the prejudice of the defendant.

In *Jones* v. *Sanitary District of Chicago*, 252 Ill. 591, an action was brought for damages to land caused by the overflowing of a drainage canal. The plaintiff claimed both under allegations of negligence in the operation of the canal, and also under a statute making the district liable for all damage to real estate overflowed. There was no proof of negligence, but the court gave negligence instructions to the jury anyway, and defendant appealed from a verdict and judgment for the plaintiff. In affirming the judgment this court observed (at p. 604) that "While, as we have noted, there is no evidence of negligence in this record, and these instructions should not, therefore, have been asked or

given, we are unable to see wherein appellant has been prejudiced by the giving of them. To thus narrow the right of the recovery inured to the benefit of appellant and did prejudice it."

A similar result should follow in the case at bar. While the instructions should not have been given, they were not so prejudicial as to warrant a reversal of the judgment, especially since the evidence amply supports the verdict. There is no contention that it shows the dog was provoked, that the plaintiff was not peaceably conducting himself, or that he was in a place where he had no right to be. Under the law and the evidence in this case we do not see how the jury could have reached any other conclusion.

We conclude that the appellate court erred in reversing and remanding. Its judgment is reversed, and the judgment of the circuit court of Cook County is affirmed.

*Appellate Court reversed;*
*circuit court affirmed.*