JO ANN NELSON, a Minor, by Eric D. Nelson, her Father and Next Friend, Plaintiff-Appellant, *v.* GEORGE N. LEWIS, Defendant-Appellee.

Fifth District No. 75-432

Opinion filed March 3, 1976.

Fleming & Fleming, of O'Fallon, for appellant.

Vincent J. Hatch, of Brady, Donovan & Hatch, of Belleville, for appellee.

Mr. PRESIDING JUSTICE KARNS delivered the opinion of the court:

Plaintiff, by her father and next friend, brought an action under the Illinois "dog-bite" statute (Ill. Rev. Stat. 1973, ch. 8, par. 366) for injuries inflicted upon her by defendant's dog. From judgment entered on a jury verdict for the defendant, she appeals.

On the date of her injury, plaintiff Jo Ann Nelson, a 2½-year-old, was playing "crack-the-whip" in defendant's backyard with his daughter and other children. Jo Ann was on the end of the "whip." The testimony

shows that after she had been thrown off the whip, Jo Ann fell or stepped on the dog's tail while the dog was chewing a bone. The dog, a large Dalmatian, reacted by scratching the plaintiff in her left eye. There was no evidence that plaintiff or anyone else had teased or aggravated the dog before the incident, nor was there evidence that the dog had ever scratched, bitten, or attacked anyone else. According to its owner, the dog had not appeared agitated either before or after the incident. As a result of her injuries, Jo Ann incurred permanent damage to a tear duct in her left eye. It was established that Jo Ann's left eye will overflow with tears more frequently and as a result of less irritation than normal, but that her vision in the eye was not affected.

■■ Our statute pertaining to liability of an owner of a dog attacking or injuring persons provides:

> "If a dog or other animal, without provocation, attacks or injures any person who is peacefully conducting himself in any place where he may lawfully be, the owner of such dog or other animal is liable in damages to such person for the full amount of the injury sustained." (Ill. Rev. Stat. 1973, ch. 8, par. 366.)

Under this statute there are four elements that must be proved: injury caused by a dog owned or harbored by the defendant; lack of provocation; peaceable conduct of the person injured; and the presence of the person injured in a place where he has a legal right to be. (*Siewerth v. Charleston*, 89 Ill. App. 2d 64, 231 N.E.2d 644 (1967); *Messa v. Sullivan*, 61 Ill. App. 2d 386, 209 N.E.2d 872 (1965); *Beckert v. Risberg*, 50 Ill. App. 2d 100, 199 N.E.2d 811 (1964) *rev'd on other grounds*, 33 Ill. 2d 44, 210 N.E.2d 207 (1965).) There is no dispute but that the dog caused the plaintiff's injury; the defendant owned the dog; the plaintiff's conduct was peaceable; and she was injured in a place where she had a legal right to be. The issue presented is whether plaintiff's unintentional act constitutes "provocation" within the meaning of the statute.

It appears that this issue has not been passed upon by an Illinois court. The statute does not distinguish between intentional and unintentional acts of provocation and thus, defendant argues, an unintentional act, so long as it provokes an animal or dog, may constitute provocation. Defendant's position, that the mental state of the actor who provokes a dog is irrelevant, is consistent with the commonly understood meaning of provocation. Provocation is defined as an act or process of provoking, stimulation or incitement. (Webster's Third New International Dictionary 1827 (1961).) Thus it would appear that an unintentional act can constitute provocation within the plain meaning of the statute.

Only three reported decisions have considered the question of prov-

ocation within the meaning of this statute. In *Siewerth v. Charleston*, the court held there was provocation where the injured boy and his companion kicked a dog three times. The argument was there raised that provocation meant only an intentional act, but the court did not pass upon this contention as it found the injured boy's acts in kicking the dog clearly intentional and provoking. In *Messa v. Sullivan*, the court found no provocation on the part of the plaintiff where she walked into a hallway patrolled by a watchdog that attacked her on sight. The court held the acts of the plaintiff did not constitute provocation within the intent of the statute and that plaintiff had a right to be on the defendant's premises. While plaintiff argues that in *Messa* the plaintiff did not intend to provoke the dog and there was no provocation found, it appears that the court's holding was based on a determination that plaintiff's actions and conduct were not of a provoking nature, not on any determination of the intent with which plaintiff's acts were done. The court stated that it did not believe "provocation" within the meaning of the statute was intended to apply to a situation where a vicious dog interpreted a visitor's nonthreatening movements as hostile actions calling for attack. Similarly in *Steichman v. Hurst*, 2 Ill. App. 3d 415, 275 N.E.2d 679 (1971), it was held that the acts of a postal carrier in spraying the defendant's dog with a repellant was not provocation. Although language in the decision might be read to mean that absence of intent by the plaintiff to provoke is material, we do not believe that this is an accurate reading of the opinion. In *Steichman* the letter carrier had previous difficulties with defendant's dog and had made several efforts to avoid the dog on the day she was attacked. The court characterized her conduct as "reasonable measures for self protection evoked by the dog's actions and deterring him only momentarily." Thus, the plaintiff's acts, although intentional, did not amount to an incitement or provocation of the dog, triggering the attack.

In the present case, it was admitted that the plaintiff jumped or fell on the dog's tail; that the dog was of a peaceful and quiet temperament; and that the dog was gnawing on a bone when the incident occurred. Under these circumstances, we believe that the Dalmatian was provoked, although the provocation was not intentional.

Plaintiff argues that since her act was unintentional, or that because she was of an age at which she could not be charged with scienter, she did not provoke the dog within the meaning of the act. Although her counsel presents a strong argument for interpreting the instant statute to impose essentially strict liability upon a dog owner for injuries caused to a child of tender years, we cannot agree that the public policy of this State compels the adoption of such a standard.

At common law in Illinois, one injured by a dog could recover from the owner only if he could prove that the dog had manifested a disposition "to bite mankind" and that the dog's keeper or owner had notice of this disposition. (*Chicago & Alton R.R. Co. v. Kuckkuck*, 197 Ill. 304, 64 N.E. 358 (1902); *Domm v. Hollenbeck*, 259 Ill. 382, 102 N.E. 782 (1913); *Klatz v. Pfeffer*, 333 Ill. 90, 164 N.E. 224 (1928).) He could not recover for an injury resulting from his own contributory negligence either by knowingly exposing himself to the dangerous dog (*Chicago & Alton R.R. Co. v. Kuckkuck*) or by provoking the dog. (*Keightlinger v. Egan*, 65 Ill. 235 (1872).) A dog owner's liability rested upon negligence, and he could be liable only if he harbored a "vicious" dog. Thus, one injured by a dog bore a substantial burden of proof.

The instant statute, and its immediate predecessor, substantially eased this burden imposed by the common law. It eliminates the requisite proof that the dog was vicious towards humans and that the owner knew of this disposition, and made irrelevant questions of the injured person's contributory negligence (other than provocation). (*Beckert v. Risberg*, 33 Ill. 2d 44, 210 N.E.2d 207 (1965).) We do not believe, however, that it was meant to impose strict liability on dog owners for all injuries caused by dogs, except those intentionally provoked. Instead this act was apparently drawn to eliminate as much as possible any inquiry into subjective considerations. Whether the injured person was attacked or injured while conducting himself in a peaceful manner in a place where he could lawfully be are all matters which require no inquiry into a person's intent. We believe that the determination of "provocation" should also be made independently of such considerations. A determination of provocation does not require consideration of the degree of willfulness which motivates the provoking cause. Had the legislature intended only intentional provocation to be a bar to recovery we think it would have so specified. Its conclusion apparently was that an owner or keeper of a dog who would attack or injure someone without provocation should be liable. This implies that the intent of the plaintiff is immaterial. Nor do we think that the plaintiff's status as a child of tender years should relieve her of all responsibility for a provoking act. Our Supreme Court in *Beckert v. Risberg*, 33 Ill. 2d 44, 210 N.E. 2d 207 (1965), sanctioned a jury instruction in the language of the statute where the plaintiff was a 3-year-old boy. Although the court did not specifically address the issue, it appears by implication that a young child is not exempted from responsibility for his or her acts which provoke a dog under this statute.

We have been referred to decisions from other jurisdictions which permit an injured person to recover for unintentional acts which

"provoke" a dog. Two of these cases, however, were decided on common law negligence theories, the courts concluding that these unintentional acts did not constitute contributory negligence. (*Smith v. Pelah*, 2 Strange 1264, 93 Eng. Rep. 1171 (1795); *Fake v. Addicks*, 45 Minn. 37, 47 N.W. 450 (1890).) Another case applied a statute which provided for strict liability for injuries inflicted by a dog unless the injury was voluntarily brought on by plaintiff with full knowledge of the probable consequences. (*Wojewoda v. Rybarczyk*, 246 Mich. 641, 225 N.W. 555 (1929).) These decisions are inapposite in that while they arise from similar factual situations they were decided upon legal theories which placed emphasis upon the injured person's scienter.

■■■ Although we believe that the instant statute does not impose liability upon a dog owner whose animal merely reacts to an unintentionally provocative act, the present appeal does not involve a vicious attack which was out of all proportion to the unintentional acts involved. (*E.g., Messa v. Sullivan.*) The Dalmatian here apparently only struck and scratched plaintiff with a forepaw in response to the plaintiff's stepping or falling on its tail while it was gnawing on a bone, an act which scarcely can be described as vicious. Therefore we hold that "provocation" within the meaning of the instant statute means either intentional or unintentional provocation; that the defendant's dog was provoked by the plaintiff's unintentional acts and did not viciously react to these acts; and that no reversible error was committed in the trial court.

For the foregoing reasons, the judgment of the Circuit Court of St. Clair County is affirmed.

Affirmed.

JONES and G. J. MORAN, JJ., concur.