No. 2--96--0380

_________________________________________________________________

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT

_________________________________________________________________

A.M., a Minor, by                    )  Appeal from the Circuit Court

J.M. and E.M., her              )  of Du Page County.

Parents and Next Friends,            )

                                )  No. 92--L--582

     Plaintiffs-Appellants,          )

                                     )

v.                                   )  

                                     )

NAPERVILLE MANNER, INC.,             )  Honorable

                                     )  Edward R. Duncan, Jr.,

     Defendant-Appellee.             )  Judge, Presiding.

_________________________________________________________________

     JUSTICE RATHJE delivered the opinion of the court:

     The plaintiff, Alicia Meyer, a minor, filed an amended two-

count complaint against the defendant, Naperville Manner, Inc.,

seeking damages suffered when she fell from a horse at the

defendant's horseback riding academy.  Count I of the amended

complaint alleged a cause of action under the Animal Control Act

(510 ILCS 5/16 (West 1992)).  Count II alleged a common-law

negligence cause of action.   Pursuant to the defendant's motion

for summary judgment, the trial court dismissed count I of the

amended complaint.  On appeal, this court affirmed the dismissal of

count I but remanded the cause for further proceedings on the

negligence claim alleged in count II.  Meyer v. Naperville Manner,

Inc., 262 Ill. App. 3d 141 (1994).

     In count II of her amended complaint, the plaintiff alleged

the following acts of negligence by the defendant:

          "(a) Failed to warn the Plaintiff that the riding

     technique she had previously learned was dangerous to use with

     Defendant's horses;

          (b) Promoted the Plaintiff from the status of 'beginner'

     through 'advanced' when she had not safely learned to manage

     Defendant's horses.

          (c) Entrusted the safety of its child students to a 17-

     year-old instructor who had no training or instruction in

     teaching and no prior teaching experience."

     The plaintiff further alleged that, as a result the above acts

of negligence, the horse the plaintiff was riding ran away, causing

her to fall and injure herself.

     The defendant filed a motion for summary judgment on the

basis, inter alia, that plaintiff had failed to plead that the

horse in this cause had a dangerous propensity to injure the

plaintiff about which the defendant knew or should have known.  The

trial court granted the defendant's motion.  This appeal followed. 

     On appeal the plaintiff raises the following issues:  whether

the amended complaint states a cause of action under Illinois law;

and whether the pleadings and depositions on file reveal an issue

of fact.  

     The plaintiff contends that she need not have alleged the

dangerous propensities of the horse because her cause of action is

based upon the negligence of the defendant in providing her with

inadequate instruction, not upon the behavior of the horse.  The

plaintiff suggests that this court determine that a cause of action

exists where a defendant is entrusted to teach and care for

children safely and negligently fails to do so.  

     In support of her argument, the plaintiff relies on two out-

of-state cases, Fantini v. Alexander, 172 N.J. Super. 105, 410 A.2d

1190 (1980), and Noland v. Colorado School of Trades, Inc., 386

P.2d 358 (Colo. 1963).  Both cases involved suits based upon

injuries suffered as the result of inadequate instruction. 

However, neither case involved a challenge as to the existence of

the cause of action nor did it involve an animal as does the

present case.  

     Because the trial court based its decision solely on the

failure of the plaintiff to allege that the defendant was aware

that the horse in question had a dangerous propensity to commit

such an injury as suffered by the plaintiff, we will limit our

discussion to the necessity to plead and prove that element in

order to state a cause of action for negligence.  In order to

resolve this issue, we will review a number of prior decisions.

     In Beckert v. Risberg, 50 Ill. App. 2d 100 (1964), the minor

plaintiff sought damages for a dog bite, alleging a statutory cause

of action and a common-law negligence cause of action.  The jury

returned a verdict in favor of the plaintiff.  The defendant

appealed arguing that the jury should not have been instructed on

negligence.  On review, the court noted that the plaintiff's

failure to allege the defendant's knowledge of the vicious

propensities of his dog was fatal to his common-law cause of

action.  The court went on to state as follows:

     "The common-law rule is set forth in Domm v. Hollenbeck, 259

     Ill 382, 102 NE 782, where the court said at page 385:

          'The owner of an animal is bound to take notice of the

          general propensities of the class to which it belongs,

          but he is under no obligation to guard against injuries

          which he has no reason to expect on account of some

          disposition of the individual animal different from the

          species generally, unless he has notice of such

          disposition.  The owner or keeper of a domestic animal of

          a species not inclined to mischief, such as dogs, horses

          and oxen, is not liable for any injury committed by it to

          the person of another, unless it can be shown that the

          animal had a mischievous propensity to commit such an

          injury and the owner had notice of it or that the injury

          was attributable to some other neglect on his part.' "

          (Emphasis added.)  Beckert, 50 Ill. App. 2d at 106.

     We have emphasized the above language, for it is supportive of

the plaintiff's position that, as her injury was allegedly caused

by the inadequate instruction on the part of the defendant, she

would not have to allege the defendant's knowledge of the

propensity of the horse to injure her.  The Beckert court addressed

a similar argument, stating as follows:

          "Although the language of the above quoted rule indicates

     that liability might be predicated on some neglect of the

     owner other than the owning or keeping of a domestic animal

     with knowledge of its mischievous propensity to commit injury,

     the cases have uniformly held that where a common-law count is

     based upon an injury committed by a dog, it is necessary that

     the defendant's knowledge of the animal's vicious propensity

     be alleged and proven.  Certainly the failure to keep a dog

     secured was not in itself sufficient to establish liability at

     common law for damages caused by such animal.  Beckert, 50

     Ill. App. 2d at 106.  

Although the court reversed and remanded the cause for a new trial

on the basis that the negligence instructions should not have been

given, on further appeal, our supreme court reversed the appellate

court decision and reinstated the verdict for the plaintiff,

concluding that the defendant was not prejudiced by the giving of

the instructions.  Beckert v. Risberg, 33 Ill. 2d 44 (1965).  As to

the common-law count, the supreme court stated as follows:

          "At the trial no evidence was introduced that the dog had

     vicious propensities, nor was the evidence in other respects

     sufficient to prove a common-law cause of action."  (Emphasis

     added.)  Beckert, 33 Ill. 2d at 46.

     Recent cases have refused to allow recovery under a theory of

common-law negligence where there was no allegation as to the

defendant's knowledge of the animal's mischievous propensity.  See

Ennen v. White, 232 Ill. App. 3d 1061 (1992) (plaintiff did not

state a common-law negligence cause of action where she alleged

that the defendant did not exercise reasonable care when he allowed

plaintiff to ride a horse knowing she would be injured but failed

to allege that the horse was predisposed to cause such an injury);

Abadie v. Royer, 215 Ill. App. 3d 444, 452 (1991) (summary judgment

proper where there was no evidence of the horse's " 'mischievous

propensity' or defendants' awareness of same").

     We note that each of the above cases relied in part on Forsyth

v. Dugger, 169 Ill. App. 3d 362 (1988).  In that cause, the

plaintiff was riding a horse when a friend of his jumped on the

back of the horse to ride with him.  When the plaintiff ducked to

miss a tree branch, the branch struck his companion, who grabbed

the plaintiff and pulled him off the horse, whereupon the plaintiff

was injured.  The trial court granted summary judgment to the

defendants, inter alia, on the common-law negligence count because

the plaintiff had failed to allege or prove the horse's

predisposition to causing injury.  

     On appeal, the reviewing court upheld the granting of summary

judgment.  After reciting the language from Domm, which we cited

earlier in this disposition, the court stated as follows:

          "Plaintiff argues that the last clause of the quoted

     language in Domm allows for recovery based on simple

     negligence.  However, we do not so read Domm, and no other

     cases so holding have been brought to our attention.  In

     Beckert [50 Ill. App. 2d at 106], the plaintiff alleged a

     common law count for recovery asserting defendant was

     negligent in not keeping his dog secured.  The court

     acknowledged the last clause indicates liability might be

     predicated on some other neglect, but it observed that the

     cases have uniformly held that in a common law count alleging

     injury by a dog, it is necessary to allege and prove the

     owner's knowledge of the animal's mischievous propensity. 

     This necessity of alleging and proving this knowledge was

     affirmed by the supreme court.  [Citation.]  In the present

     case, the allegation and proof of this mischievous propensity

     is clearly missing."  Forsyth, 169 Ill. App. 3d at 367-68. 

Moreover, even assuming that the language in Domm permitted

recovery based upon simple negligence, the court found that the

plaintiff's allegation that he was conducting himself peaceably

when the horse, without provocation, became excited and ran away,

causing the plaintiff injury clearly shows that count was based on

the common-law animal injury provision of Domm and not on simple

negligence.  169 Ill. App. 3d at 368.

     Based upon our reading of Domm and both the appellate and

supreme court decisions in Beckert, we are of the opinion that,

properly pleaded, there can be recovery under a cause of action for

common-law negligence where an animal is involved even in the

absence of an allegation that the animal had a predisposition

towards mischief.  In the above cases where such an element has

been required, the allegations of negligence suggest that the

animal was the cause of the injury and not merely the instrument by

which the injury occurred as the result of another's negligence. 

Just because an animal, without a prior "reputation," is the means

by which an injury is caused does not foreclose a negligence cause

of action based upon the actual cause of the injury.  In the cause

before us, the plaintiff has alleged that the inadequate

instruction provided by the defendant was the cause of her injury. 

Therefore, the fact that the horse in this cause had no

predisposition to mischief may have no bearing on the issue of

inadequate instruction and thus may not be a necessary element to

the plaintiff's negligence cause of action in this case if the

cause of action is otherwise pleaded properly.  

     The trial court granted summary judgment based solely on the

failure of the plaintiff to allege the dangerous propensity of the

horse in this cause.  In light of our determination that such an

allegation is not "automatically" required to state a negligence

cause of action where an animal is involved, we remand this cause

to the trial court for further proceedings with regard to the

defendant's motion for summary judgment.  

     The judgment of the circuit court is reversed, and the cause

is remanded for further proceedings consistent with the views 

expressed in this opinion.

     Reversed and remanded.

     BOWMAN and DOYLE, JJ., concur.