ALICIA MEYER, a Minor, by John Meyer and Eileen Meyer, her Parents and Next Friends, Plaintiffs-Appellants, v. NAPERVILLE MANNER, INC., Defendant-Appellee.

Second District    No. 2—96—0380

Opinion filed November 22, 1996.—Rehearing denied January 8, 1997.

Douglas W. Graham, of Chicago, for appellant.

Joseph R. Ramos and Alan J. Brinkmeier, both of Merlo, Kanofsky & Brinkmeier, Ltd., of Chicago, for appellee.

JUSTICE RATHJE delivered the opinion of the court:

The plaintiff, Alicia Meyer, a minor, filed an amended two-count complaint against the defendant, Naperville Manner, Inc., seeking damages suffered when she fell from a horse at the defendant's horseback riding academy. Count I of the amended complaint alleged a cause of action under the Animal Control Act (510 ILCS 5/16 (West 1992)). Count II alleged a common-law negligence cause of action. Pursuant to the defendant's motion for summary judgment, the trial court dismissed count I of the amended complaint. On appeal, this court affirmed the dismissal of count I but remanded the cause for further proceedings on the negligence claim alleged in count II. *Meyer v. Naperville Manner, Inc.*, 262 Ill. App. 3d 141 (1994).

In count II of her amended complaint, the plaintiff alleged the following acts of negligence by the defendant:

"(a) Failed to warn the Plaintiff that the riding technique she had previously learned was dangerous to use with Defendant's horses;

(b) Promoted the Plaintiff from the status of 'beginner' through 'advanced' when she had not safely learned to manage Defendant's horses.

(c) Entrusted the safety of its child students to a 17-year-old instructor who had no training or instruction in teaching and no prior teaching experience."

The plaintiff further alleged that, as a result of the above acts of negligence, the horse the plaintiff was riding ran away, causing her to fall and injure herself.

The defendant filed a motion for summary judgment on the basis, *inter alia*, that plaintiff had failed to plead that the horse in this cause had a dangerous propensity to injure the plaintiff about which the defendant knew or should have known. The trial court granted the defendant's motion. This appeal followed.

On appeal the plaintiff raises the following issues: whether the amended complaint states a cause of action under Illinois law; and whether the pleadings and depositions on file reveal an issue of fact.

The plaintiff contends that she need not have alleged the dangerous propensities of the horse because her cause of action is based upon the negligence of the defendant in providing her with inadequate instruction, not upon the behavior of the horse. The plaintiff suggests that this court determine that a cause of action exists where a defendant is entrusted to teach and care for children safely and negligently fails to do so.

In support of her argument, the plaintiff relies on two out-of-state cases, *Fantini v. Alexander*, 172 N.J. Super. 105, 410 A.2d 1190 (1980), and *Noland v. Colorado School of Trades, Inc.*, 386 P.2d 358 (Colo. 1963). Both cases involved suits based upon injuries suffered as the result of inadequate instruction. However, neither case involved a challenge as to the existence of the cause of action nor did it involve an animal as does the present case.

Because the trial court based its decision solely on the failure of the plaintiff to allege that the defendant was aware that the horse in question had a dangerous propensity to commit such an injury as suffered by the plaintiff, we will limit our discussion to the necessity to plead and prove that element in order to state a cause of action for negligence. In order to resolve this issue, we will review a number of prior decisions.

■ In *Beckert v. Risberg*, 50 Ill. App. 2d 100 (1964), the minor plaintiff sought damages for a dog bite, alleging a statutory cause of action and a common-law negligence cause of action. The jury returned a verdict in favor of the plaintiff. The defendant appealed, arguing that the jury should not have been instructed on negligence. On review, the court noted that the plaintiff's failure to allege the defendant's knowledge of the vicious propensities of his dog was fatal to his common-law cause of action. The court went on to state as follows:

> "The common-law rule is set forth in *Domm v. Hollenbeck*, 259 Ill 382, 102 NE 782, where the court said at page 385:
>
>> 'The owner of an animal is bound to take notice of the general propensities of the class to which it belongs, but he is under no obligation to guard against injuries which he has

no reason to expect on account of some disposition of the individual animal different from the species generally, unless he has notice of such disposition. The owner or keeper of a domestic animal of a species not inclined to mischief, such as dogs, horses and oxen, is not liable for any injury committed by it to the person of another, unless it can be shown that the animal had a mischievous propensity to commit such an injury and the owner had notice of it or *that the injury was attributable to some other neglect on his part.'* " (Emphasis added.) *Beckert*, 50 Ill. App. 2d at 106.

We have emphasized the above language, for it is supportive of the plaintiff's position that, as her injury was allegedly caused by the inadequate instruction on the part of the defendant, she would not have to allege the defendant's knowledge of the propensity of the horse to injure her. The *Beckert* court addressed a similar argument, stating as follows:

"Although the language of the above quoted rule indicates that liability might be predicated on some neglect of the owner other than the owning or keeping of a domestic animal with knowledge of its mischievous propensity to commit injury, the cases have uniformly held that where a common-law count is based upon an injury committed by a dog, it is necessary that the defendant's knowledge of the animal's vicious propensity be alleged and proven. Certainly the failure to keep a dog secured was not in itself sufficient to establish liability at common law for damages caused by such animal." *Beckert*, 50 Ill. App. 2d at 106.

Although the court reversed and remanded the cause for a new trial on the basis that the negligence instructions should not have been given, on further appeal, our supreme court reversed the appellate court decision and reinstated the verdict for the plaintiff, concluding that the defendant was not prejudiced by the giving of the instructions. *Beckert v. Risberg*, 33 Ill. 2d 44 (1965). As to the common-law count, the supreme court stated as follows:

"At the trial no evidence was introduced that the dog had vicious propensities, *nor was the evidence in other respects sufficient to prove a common-law cause of action.*" (Emphasis added.) *Beckert*, 33 Ill. 2d at 46.

Recent cases have refused to allow recovery under a theory of common-law negligence where there was no allegation as to the defendant's knowledge of the animal's mischievous propensity. See *Ennen v. White*, 232 Ill. App. 3d 1061 (1992) (plaintiff did not state a common-law negligence cause of action where she alleged that the defendant did not exercise reasonable care when he allowed plaintiff to ride a horse knowing she would be injured but failed to allege that

the horse was predisposed to cause such an injury); *Abadie v. Royer*, 215 Ill. App. 3d 444, 452 (1991) (summary judgment proper where there was no evidence of the horse's " 'mischievous propensity' or defendants' awareness of same").

We note that each of the above cases relied in part on *Forsyth v. Dugger*, 169 Ill. App. 3d 362 (1988). In that cause, the plaintiff was riding a horse when a friend of his jumped on the back of the horse to ride with him. When the plaintiff ducked to miss a tree branch, the branch struck his companion, who grabbed the plaintiff and pulled him off the horse, whereupon the plaintiff was injured. The trial court granted summary judgment to the defendants, *inter alia*, on the common-law negligence count because the plaintiff had failed to allege or prove the horse's predisposition to causing injury.

On appeal, the reviewing court upheld the granting of summary judgment. After reciting the language from *Domm* that we cited earlier in this disposition, the court stated as follows:

"Plaintiff argues that the last clause of the quoted language in *Domm* allows for recovery based on simple negligence. However, we do not so read *Domm*, and no other cases so holding have been brought to our attention. In *Beckert*[, 50 Ill. App. 2d at 106], the plaintiff alleged a common law count for recovery asserting defendant was negligent in not keeping his dog secured. The court acknowledged the last clause indicates liability might be predicated on some other neglect, but it observed that the cases have uniformly held that in a common law count alleging injury by a dog, it is necessary to allege and prove the owner's knowledge of the animal's mischievous propensity. This necessity of alleging and proving this knowledge was affirmed by the supreme court. [Citation.] In the present case, the allegation and proof of this mischievous propensity is clearly missing." *Forsyth*, 169 Ill. App. 3d at 367-68.

Moreover, even assuming that the language in *Domm* permitted recovery based upon simple negligence, the court found that the plaintiff's allegation that he was conducting himself peaceably when the horse, without provocation, became excited and ran away, causing the plaintiff injury, clearly shows that count was based on the common-law animal injury provision of *Domm* and not on simple negligence. 169 Ill. App. 3d at 368.

Based upon our reading of *Domm* and both the appellate and supreme court decisions in *Beckert*, we are of the opinion that, properly pleaded, there can be recovery under a cause of action for common-law negligence where an animal is involved even in the absence of an allegation that the animal had a predisposition towards mischief. In the above cases where such an element has been

required, the allegations of negligence suggest that the animal was the cause of the injury and not merely the instrument by which the injury occurred as the result of another's negligence. Just because an animal, without a prior "reputation," is the means by which an injury is caused does not foreclose a negligence cause of action based upon the actual cause of the injury. In the cause before us, the plaintiff has alleged that the inadequate instruction provided by the defendant was the cause of her injury. Therefore, the fact that the horse in this cause had no predisposition to mischief may have no bearing on the issue of inadequate instruction and thus may not be a necessary element to the plaintiff's negligence cause of action in this case if the cause of action is otherwise pleaded properly.

The trial court granted summary judgment based solely on the failure of the plaintiff to allege the dangerous propensity of the horse in this cause. In light of our determination that such an allegation is not "automatically" required to state a negligence cause of action where an animal is involved, we remand this cause to the trial court for further proceedings with regard to the defendant's motion for summary judgment.

The judgment of the circuit court is reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded.

BOWMAN and DOYLE, JJ., concur.