OPINION
Appellee, James Owen, pled guilty to gross sexual imposition in 1996, and was released from incarceration before the trial court held a sexual predator hearing. Judge R. McMonagle held he lacked jurisdiction to hold such hearing under R.C. 2590.01(G)(3). The State of Ohio appealed.
For the following reasons we affirm.
On July 2, 1996, Owen pled guilty to nine counts of Gross Sexual Imposition, and on July 31, 1996, was sentenced to sixteen years of imprisonment, with all but one year being suspended on the condition that he complete the one year term and be placed on three years probation upon release.
On April 17, 1997, nine days before Owen was to be released from prison, the Department of Rehabilitation and Correction recommended that Owen be adjudicated a sexual predator. The records do not reflect when such recommendation was sent or received by the trial court. Owen was released and began serving his probationary period on or before April 30, 1997.
On June 2, 1997, the trial court ruled that it lacked jurisdiction to determine whether Owen should be found a sexual predator as he was no longer incarcerated as required under the statute.
The states sole assignment of error states:
 THE STATE OF OHIO WAS ENTITLED TO A HEARING TO DETERMINE WHETHER THE DEFENDANT IS A SEXUAL PREDATOR SINCE THE TRIAL COURT HAS JURISDICTION PURSUANT TO R.C. 2950.09(C)(1) AND (C)(2).
The state maintains the trial court erred when it dismissed Owens "sexual predator" proceeding based on R.C. 2950.01(G)(3), because the trial court retained jurisdiction under R.C2950.09(C)(1) and (C)(2).
It is necessary to determine which section, either R.C.2950.09(C)(1) and (C)(2) or 2950.01(G)(3) is applicable in the case sub judice for jurisdiction.
R.C. 2950.09(C) provides in pertinent part:
 (1) If a person was convicted of or pleaded guilty to a sexually oriented offense prior to the effective date of this section, if the person was not sentenced for the offense on or after the effective date of this section, and if, on or after the effective date of this section, the offender is serving a term of imprisonment in a state correctional institution, prior to the offenders release from the term of imprisonment, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator. * * * If the department determines that it will recommend that the offender be adjudicated as being a sexual predator, it immediately shall send the recommendation to the court that sentenced the offender and shall enter its determination and recommendation in the offenders institutional record, and the court shall proceed in accordance with division (C)(2) of this section.
(Emphasis added.)
 (2) If, pursuant to division (C)(1) of this section, the department of rehabilitation and correction sends to a court a recommendation that an offender who has been convicted of or pleaded guilty to a sexually oriented offense be adjudicated as being a sexual predator, the court is not bound by the departments recommendation and the court may conduct a hearing to determine whether the offender is a sexual predator. The court may deny the recommendation and determine that the offender is not a sexual predator without a hearing but shall not make a determination that the offender is a sexual predator in any case without a hearing. If the court determines without a hearing that the offender is not a sexual predator, it shall include its determination in the offender's institutional record. * * *
(Emphasis added.)
This language clearly indicates the purpose of R.C.2950.09(C)(1) is to outline the procedures that lead to the classification of a prisoner as a sexual predator if convicted of sexually oriented offenses prior to the effective date of H.B. 180, and who is still incarcerated at the time the law went into effect.State v. Rhodes (March 24, 1998), Franklin App. No. 97APA06-793, unreported, discretionary appeal allowed (1998), 82 Ohio St.3d 1442,695 N.E.2d 265.
Pursuant to this section, the Department of Rehabilitation and Correction must determine whether each eligible inmate, "prior to his release from the term of imprisonment," be adjudicated a sexual predator. If the recommendation is warranted, it must be sent immediately to the trial court that sentenced the offender. It is then the trial courts responsibility to deny the recommendation or, pursuant to R.C. 2950.09(C)(2), schedule, with notice to the parties, its own independent hearing to assess the merits of the departments recommendation. State v. Hanrahan (March 5, 1998) Franklin App. No. 97APA03-394, unreported, discretionary appeal allowed (1998), 82 Ohio St.3d 1443, 695 N.E.2d 265. On its face, the application of R.C. 2950.09(C) appears to be a mere vehicle by which the court receives its cases, with little illumination on jurisdiction.
We now turn our attention to R.C. 2950.01(G). In its entirety, R.C. 2950.01(G) states:
R.C. 2950.01 DEFINITIONS
 (G) an offender is "adjudicated as being a sexual predator" if any of the following applies:
 (1) The offender is convicted of or pleads guilty to committing, on or after the effective date of this section, a sexually oriented offense that is a sexually violent offense and also is convicted of or pleads guilty to a sexually violent predator specification that was included in the indictment, count in the indictment, or information that charged the sexually violent offense.
 (2) Regardless of when the sexually oriented offense was committed, on or after the effective date of this section, the offender is sentenced for a sexually oriented offense, and the sentencing judge determines pursuant to division (B) of section 2950.09 of the Revised Code that the offender is a sexual predator.
 (3) Prior to the effective date of this section, the offender was convicted of or pleaded guilty to, and was sentenced for, a sexually oriented offense, the offender is imprisoned in a state correctional institution on or after the effective date of this section, and, prior to the offender s release from imprisonment, the court determines pursuant to division (C) of section 2950.09 of the Revised Code that the offender is a sexual predator.
(Emphasis added.)
When interpreting a statute, the guiding principle of statutory construction is that the language used must be given its plain and ordinary meaning. Rocky River v. State Emp. RelationsBd. (1989), 43 Ohio St.3d 1, 539 N.E.2d 103. If possible, a statute must be construed so that some operative effect be given to every word used. State v. Arnold (1991), 61 Ohio St.3d 175,673 N.E.2d 1079. The Ohio Supreme Court further explained that in statutory interpretation "a court must first look to the language of the statute itself to determine the legislative intent. If the inquiry reveals that the statute conveys a meaning which is clear, unequivocal and definite, at that point the interpretive effort is at an end, and the statute must be applied accordingly." State v.Rhodes, supra, citing, Shover v. Cordis Corp. (1991), 61 Ohio St.3d 213, 674 N.E.2d 457, overruled on different grounds.
R.C. 2950.01 took effect on January 1, 1997. It is clear from the facts presented that the only applicable section of 2950.01 for Owen, who pled guilty to his crimes on July 2, 1996, and was sentenced to his term of incarceration in August of 1996, is section (G)(3). That being said we now enter our analysis.
It is clear that R.C. 2950.09(C)(1) or (C)(2) do not address the trial courts jurisdiction over the appellee, but merely acts as the mechanism by which the trial court receives a sexual predator adjudication case. In matters of jurisdiction, the General Assembly intended that R.C. 2950.01(G) control. In its interpretation, it is imperative that we lend the statutorily proscribed meaning to RC 2950.01(G)(3), and take every words meaning at face value. In doing so, it is clear that the position advanced by the state is contrary to the purpose intended by the General Assembly. The statute specifically states that a hearing for adjudication as a sexual predator must take place prior to the inmates release from prison. If the prisoner is released, either outright State v. Rhodes, supra, or is placed on or released to probation, State v. Davis (Dec. 1, 1997), Clermont App. No. CA97-03-031, unreported, the trial courts jurisdiction cannot be invoked. See, also,State v. Sowards (March 26, 1998), Franklin App. No. 97APA07-907, unreported, discretionary appeal allowed (1998), 82 Ohio St.3d 1443,695 N.E.2d 265, State v. Brewer (Jan. 12, 1998), Clermont App. No. CA97-03-030, discretionary appeal allowed (1998), 81 Ohio St.3d 1526,692 N.E.2d 1026.
As a result, since Owen was released on probation prior to any adjudication of him as a sexual predator, the trial court properly ruled that it lacked jurisdiction. Accordingly, this assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J., CONCUR IN JUDGMENT ONLY.
JAMES D. SWEENEY, J., CONCUR IN JUDGMENT ONLY.
JUDGE, ANNE L. KILBANE