No. 2—09—0814
Opinion filed March 10, 2011

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| DEBORAH JANIS, | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 08—L—500 |
| | ) | |
| SCOTT GRAHAM, DONNA GRAHAM, | ) | |
| PHILLIP WARNER, and SANDI WARNER, | ) | Honorable |
| | ) | Stephen Sullivan, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Justices Zenoff and Burke concurred in the judgment and opinion.

**OPINION**

Plaintiff, Deborah Janis, appeals from the trial court's order dismissing with prejudice count II of her third amended complaint and denying her leave to file a fourth amended complaint. We affirm.

On September 2, 2008, Janis filed a two-count complaint in the circuit court of Kane County, seeking damages in excess of $50,000 for injuries sustained when she was allegedly knocked to the ground by dogs owned by defendants, Scott and Donna Graham and Phillip and Sandi Warner. The dogs were allegedly "running loose and without restraint or supervision." Count I was brought under section 16 of the Animal Control Act (Act) (510 ILCS 5/16 (West 2006)). Count II alleged a

violation of section 90.03(B) of chapter 90 of title IX of the South Elgin Code of Ordinances, which

provided:

> "No dog or other animal shall be permitted to run at large in the village [at] any time.
> It shall be the duty of the owner or any other person who has in his custody or control a dog
> or other animal to keep the same safely and securely tied or confined at all times." South
> Elgin Code of Ordinances §90.03(B) (passed Nov. 7, 1983).

On January 22, 2009, the trial court granted the Grahams' motion to dismiss count II pursuant to

section 2—615 of the Code of Civil Procedure (Code) (735 ILCS 5/2—615 (West 2008)). The court

also granted Janis time to file an amended complaint.

The court subsequently granted the Grahams' motion to dismiss the amended complaint

without prejudice. The court directed Janis to replead count I to allege that she had been injured

"without provocation." As to count II, the court held that the Village of South Elgin (Village)

ordinance that Janis cited "does not create a private cause of action." If Janis wished to replead

count II, it "shall be pled as a negligence action, and plaintiff must allege that the animals at issue

had a dangerous propensity and that their owner(s) were aware of such propensity."

Janis filed her second amended complaint on April 15, 2009. Count II alleged that the

"Village Code of South Elgin creates a duty on dog owners and those who have custody of dogs to

keep them safely and securely tied at all times." As a "direct and proximate result" of defendants'

violating section 90.03(B) by letting their dogs run at large, Janis was injured. Defendants filed

separate motions to dismiss pursuant to section 2—615 of the Code. Janis was granted leave to file

a third amended complaint, and the motions to dismiss, as they related to count II, were "converted"

to motions to dismiss count II of the third amended complaint, which now included the allegation

that defendants' dogs, in addition to running loose without restraint or supervision, ran into Janis "without provocation," thereby causing her injuries. On May 24, 2009, Janis sought leave to file a fourth amended complaint that would add a separate count III alleging negligence. On July 30, 2009, the trial court dismissed count II of the third amended complaint with prejudice, finding that Janis "has failed to state, and cannot state, a cause of action under the facts alleged in Count II of the Third Amended Complaint, for negligence based on the Village of South Elgin, Illinois Ordinance, Chapter 90." The court also denied Janis's motion for leave to file a fourth amended complaint and found no just reason for delaying the enforcement or appeal of the order. This appeal followed.

Janis contends that the trial court erred in dismissing count II of her third amended complaint. According to Janis, count II set forth a cause of action for negligence based on a breach of the Village ordinance requiring dogs to be fenced or otherwise restrained. The trial court dismissed count II pursuant to motions to dismiss brought under section 2—615 of the Code. A section 2—615 motion takes as true all well-pleaded facts alleged in the complaint. *King v. Senior Services Associates, Inc.*, 341 Ill. App. 3d 264, 266 (2003). On review of a section 2—615 dismissal, this court must determine whether the allegations contained in the complaint, when interpreted in the light most favorable to the plaintiff, sufficiently set forth a cause of action on which relief may be granted. *King*, 341 Ill. App. 3d at 266. A section 2—615 motion should be granted only if the plaintiff can prove no set of facts to support the alleged cause of action. *King*, 341 Ill. App. 3d at 266. This process does not require the trial court to determine credibility or weigh findings of fact; therefore, we are not required to defer to the trial court's judgment, and we review the matter *de novo*. *King*, 341 Ill. App. 3d at 266.

Janis styled count II of her third amended complaint "NEGLIGENCE BASED ON BREACH OF ORDINANCE." According to Janis, local regulation and control of dogs and other animals is provided for in section 24 of the Act, which provides:

"Nothing in the Act shall be held to limit in any manner the power of any municipality or other political subdivision to prohibit animals from running at large, nor shall anything in this Act be construed to, in any manner, limit the power of any municipality or other political subdivision to further control and regulate dogs, cats or other animals in such municipality or other political subdivision provided that no regulation or ordinance is specific to breed." 510 ILCS 5/24 (West 2006).

Thus, according to Janis, the Village had the authority to enact section 90.03(B), which provides:

"No dog or other animal shall be permitted to run at large in the village [at] any time. It shall be the duty of the owner or any other person who has in his custody or control a dog or other animal to keep the same safely and securely tied or confined at all times." South Elgin Code of Ordinances §90.03(B) (passed Nov. 7, 1983).

The purpose of chapter 90 is to "promote a harmonious relationship between man and animal through the establishment of defined procedures when man and animal interact," so as to, among other things, "[p]rovide security of residents from annoyance, intimidation, injury and rabies by animals." South Elgin Code of Ordinances §§90.01(A), (B)(2) (passed Nov. 17, 2003). Section 90.03(B), according to Janis, "creates a legal duty on dog owners and those who have custody of dogs to keep them safely and securely tied at all times" such that a violation of the ordinance can be the basis of a cause of action in negligence. Janis alleged that defendants violated the ordinance by letting their dogs run at large. As a "direct and proximate result" of the ordinance violation, the

"unsupervised and unrestrained by leash" dogs knocked Janis to the ground as she stood in her driveway, "greatly injuring her." She also alleged that she was "peaceably conducting herself" and did not provoke the dogs.

At common law, a plaintiff allegedly injured by an animal was required to prove in a negligence action that "the animal had a mischievous propensity to commit such injuries and that the owner had knowledge of the propensity." *Beckert v. Risberg*, 33 Ill. 2d 44, 46 (1965). One of the purposes of the Act was to "eliminate the requirement that an injured party must plead and prove that the animal owner knew or should have known about the animal's dangerous propensities." *Beggs v. Griffith*, 393 Ill. App. 3d 1050,1054 (2009). Section 16 of the Act provides for civil damages for injuries caused by dogs and other animals, *whether running at large or not*:

"If a dog or other animal, without provocation, attacks, attempts to attack, or injures any person who is peaceably conducting himself or herself in any place where he or she may lawfully be, the owner of such dog or other animal is liable in civil damages to such person for the full amount of the injury proximately caused thereby." 510 ILCS 5/16 (West 2006).

This cause of action provided in the Act is not negligence based, nor does it impose strict liability on an owner. *Beggs*, 393 Ill. App. 3d at 1054.

Janis argues that safety statutes and ordinances "provide a standard of conduct the breach of which supports an action for negligence." In general, this is true. See *Bier v. Leanna Lakeside Property Ass'n*, 305 Ill. App. 3d 45, 58 (1999) ("[T]he defendant's claim that a violation of a statute cannot create a duty where none exists at common law is at odds with a long line of Illinois cases holding to the contrary."). The violation of such a statute or ordinance designed to protect human life or property is *prima facie* evidence of negligence. *Bier*, 305 Ill. App. 3d at 58. A party that is

injured as a result of a violation of such a statute or ordinance may recover upon a showing that (1) the violation proximately caused the injury; (2) the statute or ordinance was intended to protect the class of persons to which the party belongs; and (3) the injury suffered was of the type that the statute or ordinance was designed to protect against. *Bier*, 305 Ill. App. 3d at 58.

We conclude that count II is nothing more than a reiteration of count I except that plaintiff appears to be claiming that a lesser quantum of proof is necessary to sustain the action. We first take judicial notice that the Village is a non-home-rule unit of government. This court may take judicial notice of easily verifiable matters, including a municipality's status *vis-a-vis* home rule powers. See *City of Wheaton v. Loerop*, 399 Ill. App. 3d 433, 434 n.1 (2010). As a non-home-rule unit, the Village is governed by Dillon's Rule. *Village of Sugar Grove v. Rich*, 347 Ill. App. 3d 689, 694 (2004). Dillon's Rule states that non-home-rule units possess only those powers specifically conveyed by the constitution or by statute; thus, such a unit may regulate in a field occupied by state legislation only when the constitution or a statute specifically conveys such authority. *Village of Sugar Grove*, 347 Ill. App. 3d at 694. However, even when a non-home-rule unit is conveyed the authority to regulate in a particular field, it may not adopt an ordinance that infringes upon the spirit of the state law or is repugnant to the general policy of this state. *Village of Sugar Grove*, 347 Ill. App. 3d at 694-95. An ordinance enacted under those powers that conflicts with the spirit and purpose of a state statute is preempted by the statute. *Hawthorne v. Village of Olympia Fields*, 204 Ill. 2d 243, 259 (2003). " '[W]here there is a conflict between a statute and an ordinance, the ordinance must give way.' " *Hawthorne*, 204 Ill. 2d at 259 (quoting *Village of Mundelein v. Hartnett*, 117 Ill. App. 3d 1011, 1015 (1983)).

Here, it is clear that the legislature has conveyed to all municipalities, whether home rule or non-home-rule, the authority to regulate dogs and prohibit their running at large. However, the legislature has also "occupied" the field by passing the Act and has provided a series of remedies for violations of the Act, including its prohibition of dogs running at large. Except as otherwise provided, violations of any section of the Act may result in misdemeanor criminal charges. See 510 ILCS 5/26(a) (West 2006). A dog running at large that is apprehended may be impounded, and the dog's owner shall pay a "public safety fine" of $25. 510 ILCS 5/9 (West 2006). Furthermore, section 16 of the Act provides for civil damages for injuries caused by dogs and other animals, whether running at large or not.

The state has specifically provided a cause of action for the type of situation that Janis alleged in count II of her third amended complaint. Indeed, count I of Janis's third amended complaint sought recovery pursuant to this statutory remedy. While section 24 of the Act grants municipalities the authority to regulate animals and prohibit them from running at large, nowhere does the Act provide that a municipality may regulate civil liability for incidents involving animals running at large. By creating this statutory route of recovery that is not based on negligence or strict liability, the state has set a general policy for recovery for injuries caused by animals (in particular, dogs).

Janis is attempting to use a Village ordinance to impose liability under a negligence standard in a field in which the state has determined that negligence shall not apply. Although Janis alleged negligence in count II, it would be more accurate to call the cause of action strict liability for any injury caused by a dog not on a leash or held by its owner or a third party when the dog is not on the owner's property. However, neither negligence nor strict liability is contemplated by the Act. See *Beggs,* 393 Ill. App. 3d at 1054. Such a use of the ordinance is unsupported by any specific

conveyance in the constitution or the Act and would infringe upon the spirit of the Act and the general policy of this state. Therefore, it would run afoul of Dillon's Rule and cannot be the basis for a cause of action.

Furthermore, a common-law cause of action for negligence involving injuries caused by an animal already exists, and that cause of action includes the requirements that the animal had a mischievous propensity to commit such injuries and that the owner had knowledge of the propensity. See *Beckert*, 33 Ill. 2d at 46. Here, Janis failed to allege either of those requirements.

Janis argues that these requirements do not exist "when the animal is simply the means of the injury and the cause is something else." Janis relies in large part on *Meyer v. Naperville Manner, Inc.*, 285 Ill. App. 3d 187 (1996). In *Meyer*, the minor plaintiff fell from a horse at the defendant's horseback riding academy. In count II of her amended complaint, the plaintiff alleged negligence in that the defendant: (1) failed to warn her that a riding technique that she had previously learned was dangerous to use with the defendant's horses; (2) promoted her from the status of beginner through advanced when she had not safely learned to handle the defendant's horses; and (3) entrusted child students to a 17-year-old instructor who had no training or instruction in teaching and no prior teaching experience; as a result, the horse that she was riding ran away, causing her to fall and injure herself. *Meyer*, 285 Ill. App. 3d at 188. The plaintiff argued that "a cause of action exists where a defendant is entrusted to teach and care for children safely and negligently fails to do so." *Meyer*, 285 Ill. App. 3d at 189. This court held that, "properly pleaded, there can be recovery under a cause of action for common-law negligence where an animal is involved even in the absence of an allegation that the animal had a predisposition towards mischief." *Meyer*, 285 Ill. App. 3d at 191. We found that the plaintiff had alleged "that the inadequate instruction provided by the defendant

was the cause of her injury. Therefore, the fact that the horse in this cause had no predisposition to mischief may have no bearing on the issue of inadequate instruction and thus may not be a necessary element to the plaintiff's negligence cause of action in this case if the cause of action is otherwise pleaded properly." *Meyer*, 285 Ill. App. 3d at 192.

We find *Meyer* to be distinguishable. The plaintiff in *Meyer* alleged that it was the defendant's conduct (negligent training), not that of the animal, that caused her to fall from the horse and sustain her injuries. Here, Janis alleged that "defendants' dogs *** knocked plaintiff to the ground as she stood in the driveway of her home greatly injuring her." The actions of the dogs, not those of defendants, caused her to fall to the ground and sustain injuries. The type of recovery discussed in *Meyer* is not applicable to the facts alleged in this case, because plaintiff has not alleged that defendants were negligent in training their dogs or, more specifically, failing to train the dogs to refrain from knocking persons to the ground.

Existing causes of action under the common law and under the Act were available to Janis. In count II of her third amended complaint, she attempted a third method of recovery by including "without provocation," which is part of the Act, but excluding "knowledge of the propensity by the owner," which is part of the common law; however, neither provocation nor propensity is part of the ordinance. Janis was required to plead a cause other than liability pursuant to the Act, which was contained in count I and which took precedence over the ordinance. The only alternative was to plead the common-law claim that the animals had a mischievous propensity to commit such injuries and that defendants had knowledge of the propensity. She failed to do this.

Thus, interpreting the allegations contained in the complaint in the light most favorable to Janis, we find that Janis failed to sufficiently set forth a cause of action on which relief may be

granted. Therefore, the trial court did not err in granting the section 2—615 motions to dismiss count II of her third amended complaint.

Janis next asks this court to reverse the trial court's order denying her motion to file a fourth amended complaint and to direct the court to "consider whether Plaintiff pleads a private right of action under South Elgin's Ordinance." According to Janis, she "has not attempted to plead she was entitled to an implied private right of action, and it is somewhat of a mystery how Count II came to be viewed as such." Our review of the record shows that Janis never did raise the issue of a private right of action under the Village ordinance in any of her complaints. Janis first mentioned a private right of action in her brief in support of her proposed fourth amended complaint. Confusingly, she argued in that brief that, while she had never attempted to plead an implied private right of action, even in her proposed fourth amended complaint, the trial court should permit her to do so. Whether to allow the amendment of a complaint is a matter left to the discretion of the trial court, and absent an abuse of that discretion, the trial court's determination will not be overturned. *Moore v. People for the Ethical Treatment of Animals, Inc.*, 402 Ill. App. 3d 62, 75 (2010). We will find an abuse of discretion only where no reasonable person would take the view adopted by the trial court. *Moore*, 402 Ill. App. 3d at 75. Janis had multiple opportunities to plead a private cause of action under the ordinance, and not once did she allege such a cause of action. We determine that the trial court did not abuse its discretion by denying Janis the opportunity to file a fourth amended complaint that did not contain or contemplate the theory of recovery that she broaches in this court.

For these reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.