# Illinois Official Reports

## Appellate Court

---

**Hayenga v. City of Rockford, 2014 IL App (2d) 131261**

---

| | |
|---|---|
| Appellate Court Caption | THERESA HAYENGA, Plaintiff-Appellee, v. THE CITY OF ROCKFORD, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-13-1261 |
| Filed | October 30, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | A decision by an administrative hearing officer for defendant city, a non-home-rule unit of government, upholding the impoundment of plaintiff's automobile after drug paraphernalia was discovered following a stop for a minor traffic violation was properly reversed by the trial court on administrative review, notwithstanding the city's contentions that the impoundment was authorized under a municipal ordinance and state law and that the trial court erred in denying the city's motion to reconsider, since section 17-41(a)(12) of the city's ordinances did not expressly authorize the city to impound a vehicle, it merely provided for the imposition of fees and costs related to an impounded vehicle, the city forfeited its argument that it had authority to impound the vehicle under section 11-208.7 of the Vehicle Code by failing to raise that argument in the administrative proceedings, and the city also forfeited its arguments against the denial of its motion to reconsider by failing to raise those arguments during the administrative hearing. |
| Decision Under Review | Appeal from the Circuit Court of Winnebago County, No. 13-MR-397; the Hon. Eugene G. Doherty, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Kerry F. Partridge and Ifeanyi C. Mogbana, both of City of Rockford Department of Law, of Rockford, for appellant.

Charles J. Prorok, of Prorok Law Office, P.C., of Rockford, for appellee.

Brian D. Day and Roger Huebner, both of Illinois Municipal League, of Springfield, *amicus curiae*.

Panel

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Justices Jorgensen and Spence concurred in the judgment and opinion.

**OPINION**

¶ 1    After defendant, the City of Rockford (City), a non-home-rule unit of government, impounded a vehicle owned by plaintiff, Theresa Hayenga, she brought an administrative action. The administrative hearing officer ruled in favor of the City. On administrative review, the trial court reversed the administrative hearing officer's decision and ruled that the City did not have the authority to impound Hayenga's vehicle. The City appeals the trial court's decision, arguing that: (1) the City was authorized to impound Hayenga's vehicle under a municipal ordinance; (2) the City had authority under state law to impound Hayenga's vehicle; and (3) the trial court erred by denying the City's motion to reconsider. We affirm the trial court's decision.

¶ 2                                    I. BACKGROUND

¶ 3    On January 2, 2013, at approximately 11 p.m., Matthew Wiseman, Hayenga's boyfriend, was driving Hayenga's vehicle, alone, when he was pulled over by the Rockford police for a burned-out rear license-plate light. Rockford police officer Christopher Jones observed multiple firearms, in plain view, on the backseat of the car. Upon Jones's request, Wiseman stepped out of the car. During a search of Wiseman, Jones found in Wiseman's pocket a glass bowl or pipe with what appeared to be cannabis residue. Jones arrested Wiseman for unlawful possession of drug paraphernalia, a Class A misdemeanor. See 720 ILCS 600/3.5 (West 2012). Jones also issued Wiseman a citation for the traffic violation and impounded Hayenga's vehicle. Hayenga sought an administrative hearing, challenging the City's authority to impound her vehicle.

¶ 4    During the administrative hearing on March 8, 2013, the City argued that it had authority to impound Hayenga's vehicle pursuant to section 17-41(a)(12) of the Rockford Code of Ordinances (Rockford Code of Ordinances § 17-41(a)(12) (adopted Dec. 19, 2011)). Hayenga argued that section 17-41(a)(12) did not grant authority to impound vehicles, because it addressed only fees and procedures regarding impounded vehicles. Hayenga also

argued that the impoundment was improper because Wiseman was arrested for a misdemeanor, such that "he did not have to be brought before a magistrate" without unnecessary delay, and the City "had absolutely no authority to impound the vehicle" under state law. Further, the City had no statutory authority for its interpretation of its ordinance.

¶ 5 During the administrative hearing on April 12, the City argued that it relied on section 11-208.7(b)(12) of the Illinois Vehicle Code (625 ILCS 5/11-208.7(b)(12) (West 2012)) in enacting section 17-41(a)(12). The administrative hearing officer stated that there were no questions of fact and that section 17-41(a)(12)'s validity was a question of law. The hearing officer stated, "I do find this City's ordinance allows and is proper in accordance with State law and with [the Rockford police department's probable-cause statement] and I will uphold the impounding of the vehicle."

¶ 6 The probable-cause statement indicated the following. Jones stopped Wiseman "for no rear registration light in the 1100 block of N. Church St." Because Jones observed multiple firearms on the backseat (the guns were later determined to be "BB/CO2 guns"), Jones had Wiseman step out of the vehicle and patted him down. Jones removed from Wiseman's pocket a glass bowl or pipe used to ingest cannabis and took him "into custody at 1100 N. Church St. without incident."

¶ 7 On April 23, 2013, Hayenga timely filed a complaint for administrative review in the trial court, alleging that "[t]he decision of the Hearing Officer was contrary to the law, against the manifest weight of the evidence and clearly erroneous"; section 17-41(a)(12) did not authorize the impoundment of her vehicle; and the City did not otherwise have authority to impound her vehicle, because Wiseman "could have legally parked the vehicle where it was stopped." Hayenga asked the trial court to reverse the decision of the administrative hearing officer and order her vehicle returned to her without the payment of fees or costs.

¶ 8 The City responded, arguing that it had authority to impound Hayenga's vehicle pursuant to section 17-41(a)(12), which mirrored section 11-208.7(b)(12) of the Vehicle Code.

¶ 9 On September 6, the trial court ruled that the City did not have authority to impound Hayenga's vehicle. The trial court's order states, "Section 17-41 of [the Code of Ordinances] does not enable [the City] to impound the Plaintiff's vehicle."

¶ 10 On October 1, the City filed a motion to reconsider, arguing that it had authority to impound Hayenga's vehicle because Wiseman was arrested for a Class A misdemeanor (720 ILCS 600/3.5 (West 2012)); the vehicle was on a "highway" within the meaning of section 11-1302(c)(3) of the Vehicle Code (625 ILCS 5/11-1302(c)(3) (West 2012)) (authorizing towing a vehicle after an arrest); and section 109-1(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/109-1(a) (West 2012)) mandated the police to arrest Wiseman and transport him to the Winnebago County jail "without unnecessary delay."

¶ 11 The trial court denied the City's motion on October 31, reasoning that "citation of existing authority to support a new theory of the City's position is not a proper basis for reconsideration." On November 20, the City filed a notice of appeal.

¶ 12                                    II. ANALYSIS

¶ 13 The City urges this court to reverse the trial court's decision that it had no authority to impound Hayenga's vehicle. The City argues that it had authority under section 17-41(a)(12) of its Code of Ordinances.

¶ 14      On appeal, this court reviews the determination of the agency and not that of the trial court. *Marconi v. Chicago Heights Police Pension Board*, 225 Ill. 2d 497, 531 (2006). The factual findings of the agency are deemed *prima facie* true and correct. *Livingston v. Department of Employment Security*, 375 Ill. App. 3d 710, 714 (2007). This court will not overturn such findings unless they are against the manifest weight of the evidence. *Lyon v. Department of Children & Family Services*, 209 Ill. 2d 264, 271 (2004). "An administrative agency decision is against the manifest weight of the evidence only if the opposite conclusion is clearly evident." *Abrahamson v. Illinois Department of Professional Regulation*, 153 Ill. 2d 76, 88 (1992). However, we review *de novo* questions of law. See *Lyon*, 209 Ill. 2d at 271.

¶ 15      We first note that the parties agree that the City is a non-home-rule unit. As a non-home-rule unit, the City is governed by "Dillon's Rule." See *Janis v. Graham*, 408 Ill. App. 3d 898, 902 (2011). Under "Dillon's Rule," a non-home-rule unit possesses only those powers specifically granted by the Illinois Constitution or by statute. *Id.* However, when exercising authority to regulate in a particular field, a non-home-rule unit may not adopt an ordinance that infringes upon the spirit of the state law or is repugnant to the general policy of this state. *Id.*

¶ 16      The City argues that "the Administrative Hearing Officer properly construed section 17-41(a)(12) as authority to impound Hayenga's vehicle." Hayenga argues that section 17-41(a)(12) merely authorized the City to impose administrative fees and did not authorize the City to impound Hayenga's vehicle.

¶ 17      The rules of statutory construction apply to the interpretation of municipal ordinances. *Palm v. 2800 Lake Shore Drive Condominium Ass'n*, 2013 IL 110505, ¶ 48. The primary objective of statutory construction is to ascertain and give effect to the intent of the legislature. *Id.* The best indication of the legislative intent is the statutory language, given its plain and ordinary meaning. *Id.* We review *de novo* a question of statutory construction. *Id.*

¶ 18      Section 17-41(a)(12) provides:

> "Sec. 17-41.-Administrative fees and procedures for impounding vehicles for specified violations.
>
> > (a) The city, in addition to any *fees* charged for the towing and storage of an impounded vehicle, shall impose on the registered owner of the motor vehicle or the agents of that owner, a reasonable administrative *fee* related to its administrative and processing costs associated with the investigation, arrest, and detention of an offender, or the removal, impoundment, storage and release of a vehicle for the following violations:
> >
> >                  * * *
> >
> > (12) Operation or use of a motor vehicle in the commission of, or in the attempt to commit, any other misdemeanor or felony offense in violation of the Criminal Code of 1961 when so provided by local ordinance." (Emphases added.) Rockford Code of Ordinances § 17-41(a)(12) (adopted Dec. 19, 2011).

¶ 19      In this case, the administrative hearing officer determined that the City's ordinance permitted the impoundment of Hayenga's vehicle and was in accordance with section 11-208.7(b)(12) of the Vehicle Code. It is this decision that we must review. See *Marconi*, 225 Ill. 2d at 531.

¶ 20     The City contends that the administrative hearing officer reasonably determined that the City was authorized to impound Hayenga's vehicle pursuant to its ordinance and section 11-208.7(b)(12) of the Vehicle Code.

¶ 21     The City acknowledges in its brief, "Section 17-41 of the [Code of Ordinances] does not expressly authorize the arrest of a driver *or the ability to impound a vehicle*." (Emphasis added.) After reviewing the language of the ordinance, there can be no other conclusion. Nothing in the ordinance authorizes the City to impound a vehicle. The ordinance addresses the imposition of fees and costs related to an impounded vehicle; it does not grant authority to impound. Whether the ordinance is in accordance with section 11-208.7(b)(12) of the Vehicle Code does not matter for our purposes here. The ordinance relied upon by the City for impoundment is insufficient. Accordingly, the administrative hearing officer erred by determining that the ordinance authorized the impoundment of Hayenga's vehicle.

¶ 22     The City argues that as a non-home-rule unit it had explicit authority to impound Hayenga's vehicle pursuant to section 11-208.7 of the Vehicle Code. The City also contends that section 11-208.7 should be construed as part of a comprehensive legislative framework that ensures the safety of the members of the public who use the public roadways. However, the City failed to raise these arguments during the administrative process. The record indicates that, regarding section 11-208.7 of the Vehicle Code, the City argued only that it relied on that section in enacting section 17-41(a)(12). Accordingly, the City's "explicit authority" argument is forfeited. *Texaco-Cities Service Pipeline Co. v. McGaw*, 182 Ill. 2d 262, 278 (1998) ("issues or defenses not placed before the administrative agency will not be considered for the first time on administrative review"); see 735 ILCS 5/3-110 (West 2012).

¶ 23     Even if the City had raised the argument that section 11-208.7 of the Vehicle Code granted it explicit authority to impound Hayenga's vehicle, its argument would fail. We agree with Hayenga's argument that nothing in section 11-208.7 grants authority to impound vehicles. Section 11-208.7 provides:

> "§ 11-208.7. Administrative fees and procedures for impounding vehicles for specified violations.
>
> (a) Any municipality may, consistent with this Section, provide by ordinance procedures for the release of *properly impounded* vehicles and for the imposition of a reasonable administrative *fee* related to its administrative and processing costs associated with the investigation, arrest, and detention of an offender, or the removal, impoundment, storage, and release of the vehicle. The administrative fee imposed by the municipality may be in addition to any fees charged for the towing and storage of an impounded vehicle. The administrative fee shall be waived by the municipality upon verifiable proof that the vehicle was stolen at the time the vehicle was impounded.
>
> (b) Any ordinance establishing procedures for the release of *properly impounded* vehicles under this Section may impose *fees* for the following violations:
>
> * * *
>
> (12) operation or use of a motor vehicle in the commission of, or in the attempt to commit, any other misdemeanor or felony offense in violation of the Criminal Code of 1961 or the Criminal Code of 2012, when so provided by local ordinance." (Emphases added.) 625 ILCS 5/11-208.7 (West 2012).

¶ 24 Hayenga argues that section 11-208.7 of the Vehicle Code does not grant authority to impound vehicles. Hayenga argues that section 11-208.7 "clearly and unambiguously provides for a procedure for non-home-rule entities to 'provide by ordinance for procedures for release of *properly impounded* vehicles and for the imposition of a reasonable administrative fee.' " (Emphasis added.) See 625 ILCS 5/11-208.7(a) (West 2012).

¶ 25 We agree with Hayenga's interpretation. Nothing in section 11-208.7 of the Vehicle Code grants authority to impound vehicles. The plain and ordinary language of subsection (a) grants non-home-rule units the power to enact ordinances to establish procedures for the release of "properly impounded vehicles" and for the imposition of reasonable fees. Subsection (b), likewise, limits a non-home-rule unit's power to impose fees pursuant to its procedures for the release of vehicles that were "properly impounded." Thus, section 11-208.7 does not grant non-home-rule units the power to impound vehicles. Accordingly, even if the City had not forfeited its argument that section 11-208.7 granted it explicit authority to impound Hayenga's vehicle, that argument would fail.

¶ 26 The City argues that this interpretation is illogical because it grants municipalities the authority to impose fees for impounding vehicles while denying municipalities the authority to impound those same vehicles. We disagree with the City's argument. The plain and ordinary language of section 11-208.7 does not deny non-home-rule units the power to impound vehicles; rather, it requires that those vehicles are "properly impounded." However, the record indicates that the City failed to argue that Hayenga's vehicle was "properly impounded." Further, nothing in the record indicates that the administrative hearing officer made any findings regarding this issue. Rather, the City relied only upon, and the administrative hearing officer ruled only upon, whether the City had authority to impound pursuant to its ordinance in accordance with section 11-208.7. Thus, we need not discuss whether Hayenga's vehicle was "properly impounded." See *Texaco-Cities Service Pipeline Co.*, 182 Ill. 2d at 278; see also *Wade v. City of North Chicago Police Pension Board*, 226 Ill. 2d 485, 504 (2007) (on appeal from administrative review in the trial court, it is the hearing officer's decision that is reviewed, and not that of the trial court).

¶ 27 The City also argues that it had authority to impound Hayenga's vehicle pursuant to section 109-1(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/109-1(a) (West 2012)) and section 11-1302(c)(3) of the Vehicle Code (625 ILCS 5/11-1302(c)(3) (West 2012)). Section 109-1(a) of the Code of Criminal Procedure of 1963 provides, "A person arrested with or without a warrant shall be taken without unnecessary delay before the nearest and most accessible judge in that county ***." 725 ILCS 5/109-1(a) (West 2012). Section 11-1302(c)(3) of the Vehicle Code provides:

> "(c) Any police officer is hereby authorized to remove or cause to be removed to the nearest garage or other place of safety any vehicle found upon a highway when:
>
> * * *
>
> 3. *** the person driving or in control of such vehicle is arrested for an alleged offense for which the officer is required by law to take the person arrested before a proper magistrate without unnecessary delay ***[.]" 625 ILCS 5/11-1302(c)(3) (West 2012).

The City argues that, pursuant to section 109-1(a), when Jones arrested Wiseman, he was "required" for purposes of section 11-1302(c)(3) to take him before a magistrate without unnecessary delay. Therefore, the City contends, section 11-1302(c)(3) authorized the City to

impound Hayenga's vehicle. Hayenga argues that Jones was not "required" to arrest Wiseman; instead, Jones could have issued Wiseman a notice to appear pursuant to section 107-12 of the Code of Criminal Procedure of 1963 (725 ILCS 5/107-12 (West 2012)), and there would have been no need to take him into custody.

¶ 28   It is well settled that the forfeiture principle applies to administrative review cases, and "issues or defenses not placed before the administrative agency will not be considered for the first time on administrative review." *Texaco-Cities Service Pipeline Co.*, 182 Ill. 2d at 278; see 735 ILCS 5/3-110 (West 2012). Because this case comes to us on administrative review, it is the hearing officer's decision that we review, not that of the trial court. See *Wade*, 226 Ill. 2d at 504. Consequently, the only question relevant to forfeiture is whether the City raised these arguments during the administrative hearing. The record indicates that the City failed to raise these arguments, and therefore these arguments are forfeited.

¶ 29   The City also argues that the trial court erred by denying its motion to reconsider. In its motion to reconsider, the City argued that it had authority to impound Hayenga's vehicle because: Wiseman was arrested for a Class A misdemeanor (720 ILCS 600/3.5 (West 2012)); the vehicle was on a "highway" within the meaning of section 1302(c)(3) of the Vehicle Code (625 ILCS 5/1302(c)(3) (West 2012)) (authorizing towing a vehicle after an arrest); and section 109-1(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/109-1(a) (West 2012)) mandated the police to arrest Wiseman and transport him to the Winnebago County jail "without unnecessary delay." The City urges this court to consider these arguments on appeal. However, because the City failed to raise these arguments during the administrative hearing, these arguments are forfeited.

¶ 30                                III. CONCLUSION
¶ 31   For the reasons stated, we affirm the judgment of the trial court.

¶ 32   Affirmed.